■ ROSE PARELLA et al., Plaintiffs, v MAURICE LEVIN et al., Appellants, and VILLAGE OF HEMPSTEAD et al., Respondents. — In a negligence action to recover damages for personal injuries, etc., defendants Levin appeal, as limited by their brief, from so much of an order of the Supreme Court, Nassau County (Vitale, J.), dated March 23, 1984, as granted defendant County of Nassau's motion and defendant Village of Hempstead's cross motion for summary judgment to the extent of dismissing the cross claim against them.

Order affirmed insofar as appealed from, with one bill of costs.

Admittedly, neither the county nor village received prior written notice of the alleged defective condition. Absent such notice, a municipality is liable only for affirmative negligence (*see,* Nassau County Administrative Code § 12-4.0 [e]; L 1939, ch 272, as amended by L 1946, ch 992; Village Law § 6-628; CPLR 9804; *Drzewiecki v City of Buffalo,* 51 AD2d 870; *D'Imperio v Village of Sidney,* 14 AD2d 647, *affd* 12 NY2d 927). There is no evidence that either the village or county caused the deterioration of the curb along the apron of the Levin driveway or negligently repaired such curb. The conduct for which the defendants Levin seek to impose liability upon the village and county is for nonfeasance, i.e., the failure to repair a deteriorated condition, and not for a condition either of said municipalities

caused or created. Mollen, P. J., Niehoff, Rubin and Lawrence, JJ., concur.