■ SUSAN CALIENDO, Individually and as Administratrix of

the Estate of ANTHONY CALIENDO, Deceased, Respondent, v ANTHONY V. SPERO et al, Respondents-Appellants. (Action No. 1.) FRED WERNER et al., as Coexecutors of ROSE FREUNDLICH, Deceased, Appellants-Respondents, v JAMES SPERO et al., Respondents-Appellants, et al., Defendants. (Action No. 2.) DAVID SUSSER et al., as Executors of AARON A. FREUNDLICH, Deceased, Appellants-Respondents, v JAMES SPERO et al., Respondents-Appellants, and CITY OF NEW YORK et al., Respondents. (Action No. 3.) SUSAN CALIENDO, Individually and as Administratrix of the Estate of ANTHONY CALIENDO, Deceased, Appellant, v CITY OF NEW YORK et al., Respondents. (Action No. 4.)—In consolidated actions to recover damages for wrongful death and personal injuries, the plaintiffs in actions Nos. 2, 3, and 4 separately appeal (1) from an order of the Supreme Court, Kings County (Rader, J.), dated April 28, 1987, which granted the motion of the defendant City of New York to set aside the jury verdict against it, and for judgment as a matter of law in its favor, and (2) from so much of a judgment of the same court, entered June 8, 1987, as is in favor of the defendants City of New York and the New York City Transit Authority, and the defendants Spero in actions Nos. 1, 2, and 3 cross-appeal, as limited by their brief, from so much of the judgments is in favor of the plaintiffs and against them.

Ordered that the appeals from the order are dismissed; and it is further,

Ordered that the judgment is modified, on the facts and as a matter of discretion, by (1) deleting the provision thereof which awarded the plaintiff Susan Caliendo the principal sum of $2,000,000, representing damages for wrongful death, and substituting therefor a provision granting a new trial with respect thereto, unless the plaintiff Susan Caliendo shall serve and file in the office of the Clerk of the Supreme Court, Kings County, a written stipulation signed by her consenting to decrease the award of damages for wrongful death to the principal sum of $1,500,000; and (2) deleting the provision thereof which awarded the plaintiffs David Susser and Michael A. Greenfield the principal sum of $150,000, representing damages for wrongful death, and substituting therefor a provision granting a new trial with respect thereto unless those plaintiffs shall serve and file in the office of the Clerk of the Supreme Court, Kings County, a written stipulation signed by them consenting to decrease the award of damages for wrongful death to the principal sum of $100,000; as so modified, the judgment is affirmed insofar as appealed and

cross-appealed from, without costs or disbursements; and it is further,

Ordered that the time to serve and file the aforenoted stipulations is extended until 20 days after service of a copy of this decision and order, with notice of entry, upon the party executing the stipulation; and it is further,

Ordered that in the event the plaintiffs Susan Caliendo, David Susser and Michael A. Greenfield so stipulate, then the judgment, as so reduced and amended, is affirmed insofar as appealed and cross-appealed from, without costs or disbursements.

The appeals from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (see, Matter of Aho, 39 NY2d 241, 248). The issues raised on the appeals from the order are brought up for review and have been considered on the appeals from the judgment (CPLR 5501 [a] [1]).

The plaintiffs allege that the defendant City of New York was negligent in creating and failing to correct a dangerous condition in a roadway. The dangerous condition consisted of trolley tracks which were raised above the surface of the roadway. This dangerous condition allegedly caused the truck of the defendants Spero to skid. The skid allegedly caused or contributed to the accident.

After a jury trial the Supreme Court dismissed the action as against the defendant City of New York, inter alia, for failure to prove notice of the alleged defective condition.

Absent prior written notice of the alleged defective condition the city is liable only for affirmative negligence (see, Administrative Code of City of New York § 7-201 [c] [2]; Parella v Levin, 111 AD2d 750). There is no evidence that the city caused the tracks to extend above the roadway. On the contrary, the plaintiffs' experts testified that the asphalt of the roadway had settled below the tracks. Moreover, since the last repair work to the roadway was completed two years prior to the accident, it cannot be said that the city should have had knowledge of the defective condition (cf., Klimek v Town of Ghent, 114 AD2d 614). Consequently, the plaintiffs were required to prove prior written notice of the alleged defect. The record establishes that the Supreme Court properly concluded that the plaintiffs failed to sustain their burden.

Contrary to the plaintiff's contention, the correspondence regarding the proposed abandonment of the trolley does not

constitute notice of the defective condition. Indeed, none of the documents refer to a defective condition *(see generally, Laing v City of New York,* 71 NY2d 912). Thus, the plaintiffs' proposed pleading amendment, including an allegation of notice, is palpably insufficient *(see, Norman v Ferrara,* 107 AD2d 739).

Given the foregoing we need not decide whether the Supreme Court improvidently exercised its discretion in setting aside the jury verdict against the city as against the weight of the credible evidence. However, we conclude that, to the extent indicated, the jury's verdict was so excessive as to shock the conscience of the court.

Lastly, we have examined the remaining contention of the defendants Spero and find it to be without merit. Mangano, J. P., Lawrence, Kooper and Rosenblatt, JJ., concur.