■ JAMES V. ZINNO et al., Appellants, v CITY OF NEW YORK, Respondent.—In an action to recover damages for personal injuries, etc., the plaintiffs appeal from a judgment of the Supreme Court, Kings County (Garry, J.), entered July 8, 1988, which, upon a ruling granting the defendant's application to dismiss the complaint at the close of the plaintiffs' case for failure to establish a prima facie case, is in favor of the defendant and against them.

Ordered that the judgment is affirmed, with costs.

It is well settled that "[a]bsent prior written notice of the alleged defective condition the city is liable only for affirmative negligence *(see,* Administrative Code of City of New York

§ 7-201 [c] [2]; *Parella v Levin,* 111 AD2d 750)" *(Caliendo v Spero,* 156 AD2d 532, 534). It is undisputed that the city was given no prior written notice about the alleged defective grating which purportedly caused the injuries sustained by the plaintiff James V. Zinno. Further, the trial court properly determined that there was no evidence that the city had created the defective condition. While the plaintiffs presented expert testimony that the accident could have occurred because the grating involved had been improperly repositioned by the city after cleaning, there was no evidence that the city had cleaned the grating or improperly repositioned it. Moreover, the trial court properly excluded a report prepared about three months before the accident which indicated that an old grating had been replaced and a new grating had been installed in the vicinity of the accident. There were numerous gratings in the vicinity and no proof was offered that the newly installed grating was the one involved in this accident.

Accordingly, the complaint was properly dismissed based on the plaintiffs' failure to make out a prima facie case. Thompson, J. P., Lawrence, Kunzeman and Harwood, JJ., concur.