■ ERNEST LIEBOW et al., Appellants, v TOWN OF HEMPSTEAD, Respondent.—In a negligence action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Nassau County (Collins, J.), dated June 19, 1989, which granted the defendant's motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

This action to recover damages resulting from the plaintiff Ernest Liebow's fall on a golf course owned and operated by the defendant Town of Hempstead was dismissed as barred by the Town of Hempstead Code § 6-2, which requires, *inter alia,* prior written notification of any defective condition on "park property". Town of Hempstead Code § 78-1 provides that the term "park" includes golf courses. Therefore, since a golf course comes within the purview of Town of Hempstead Code § 6-2, it was incumbent upon the plaintiffs to plead and prove that prior written notice had been given to the town *(see, Goldston v Town of Babylon,* 145 AD2d 534). No such written notice was given and there is insufficient evidence of affirmative acts of negligence so as to create a triable issue of fact. Thus, the complaint was properly dismissed *(see, Zuckerman v City of New York,* 49 NY2d 557, 562; *Abbatecola v Town of Islip,* 97 AD2d 780). Bracken, J. P., Kunzeman, Kooper and Balletta, JJ., concur.

■ FLORDELIZA C. ODULIO et al., Respondents, v JEFFREY L. ADLER et al., Appellants.—In a podiatric malpractice action, the defendants appeal from an order of the Supreme Court, Westchester County (Coppola, J.), entered July 6, 1989, which (1) denied their motion to require the plaintiffs to serve authorizations for medical records, and (2) granted the plaintiffs' cross motion to require the defendants to serve a supplemental response to the plaintiffs' combined demand, *inter alia,* for a bill of particulars and information pertaining to expert witnesses.

Ordered that the order is affirmed, with costs.

Trial courts enjoy wide discretion in directing discovery and, absent an improvident exercise of that discretion, a decision with respect to discovery will not lightly be set aside. We find no such improvident exercise of discretion on this record. Sullivan, J. P., Rosenblatt, Miller and Ritter, JJ., concur.