■ JAMES ORTSMAN, Respondent, v TOWN OF OYSTER BAY, Appellant.—In a negligence action to recover damages for personal injuries, the defendant appeals from so much of an order of the Supreme Court, Nassau County (Murphy, J.), dated March 27, 1990, as denied its motion for summary judgment dismissing the complaint.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, the motion is granted, and the complaint is dismissed.

On June 11, 1988, the plaintiff was playing basketball on one of the defendant Town's basketball courts when he injured his ankle and leg. The injury was allegedly caused by a defective condition, that is, a hole in the court immediately underneath one of the backboards. After the plaintiff commenced this action, the Town moved for summary judgment based, *inter alia,* on the lack of a prior written notice of the

allegedly defective condition as required by the applicable local law.

In support of the motion, the defendant submitted an affidavit of its Deputy Town Clerk, Herbert A. Streicher, who averred that a search of the Town's records revealed "that the Town d[id] not have a record of written notice relative to the particular defect claimed by Mr. Ortsman at the subject location". In an effort to rebut this claim, the plaintiff came forth with a copy of a notice of claim, stamped by the Town's Clerk on May 23, 1984, approximately four years before the accident giving rise to this action, which indicated that there was a defective condition on the subject basketball court, without specifying its location.

We find that the prior notice of claim did not constitute prior written notice of the defective condition which allegedly caused the plaintiff's injuries *(see, Leary v City of Rochester,* 115 AD2d 260, *affd* 67 NY2d 866, *for reasons stated by App Div; Lawrence v Town of E. Fishkill,* 167 AD2d 447, 448; *Liebow v Town of Hempstead,* 167 AD2d 378). There is absolutely no indication from the prior notice of claim that the defective condition in that case, which could have been anywhere on the basketball court, was the same defective condition involved in this case. Thus, the plaintiff's complaint should have been dismissed *(see, Zuckerman v City of New York,* 49 NY2d 557, 562).

In light of the foregoing, we need not address the parties' remaining contentions. Thompson, J. P., Bracken, Harwood and Miller, JJ., concur.