■ GARRY S. KING et al., Respondents-Appellants, v COUNTY OF WARREN, Appellant-Respondent.—Mahoney, P. J. Appeals (1) from an order of the Supreme Court (Dier, J.), entered August 30, 1990 in Warren County, which denied defendant's motion for summary judgment dismissing the complaint, and (2) from an order of said court, entered November 27, 1990 in Warren County, which denied plaintiffs' motion for leave to renew or reargue.

On June 9, 1984 at approximately 9:45 P.M., plaintiff Garry S. King (hereinafter King) lost control of his motorcycle and fell when it skidded on sand and debris which had accumulated on County Route 62 in the Town of Chester, Warren County. Thereafter, King and his spouse, plaintiff Marlene King, commenced this action against defendant to recover damages for his personal injuries and for loss of consortium. After issue was joined defendant moved for summary judgment dismissing the complaint based on plaintiffs' failure to

comply with defendant's prior written notice law. Supreme Court denied the motion, as well as a motion by plaintiffs to renew or reargue, and these appeals ensued.

Review of plaintiffs' complaint and amended bill of particulars clearly shows that plaintiffs failed to allege compliance with defendant's prior written notice law *(see,* Local Laws, 1976, No. 6 of County of Warren) in that written notice of the alleged condition was never given to nor received by defendant. Given such circumstances, the complaint is subject to dismissal *(see, Liebow v Town of Hempstead,* 167 AD2d 378, *lv denied* 77 NY2d 804; *Goldston v Town of Babylon,* 145 AD2d 534, 535) unless defendant knew, or should have known, of such condition *(see, Du Pont v Town of Horseheads,* 163 AD2d 643), or itself created the condition by an affirmative act of negligence for which it would be responsible even absent written notice *(see, Bown v Village of Lynbrook,* 17 NY2d 826; *Klimek v Town of Ghent,* 114 AD2d 614, 615-616). Here, King's affidavit in opposition to defendant's motion merely repeats the allegations contained in the complaint and bill of particulars with respect to defendant's alleged failure to correct a dangerous condition and fails to rise to the standard or level sufficient to defeat the motion *(see, Kadlecik v Village of Endicott,* 174 AD2d 923). Further, the affidavit of plaintiffs' counsel demonstrated no personal knowledge of the manner in which the accident happened and merely cites the names of three prospective "notice" witnesses to the alleged dangerous condition *(see, James v Gloversville Enlarged School Dist.,* 155 AD2d 811).

Finally, we find it unnecessary to discuss the disparity of issues relating to a party's right to move to renew as distinguished from a motion to reargue. In our view, plaintiffs' motion to renew and reargue was properly denied because it was supported only by evidentiary facts known to plaintiffs at the time of the original motion *(see, Matter of Barnes v State of New York,* 159 AD2d 753, *lv dismissed* 76 NY2d 935).

Casey, Levine, Mercure and Crew III, JJ., concur. Ordered that the order entered August 30, 1990 is reversed, on the law, with costs, motion granted, summary judgment awarded to defendant and complaint dismissed. Ordered that the order entered November 27, 1990 is affirmed, with costs.