■ MICHAEL LEE et al., Appellants, v CITY OF NEW YORK, Respondent, et al., Defendants. [598 NYS2d 273] —In a negligence action, inter alia, to recover damages for personal injuries, etc., the plaintiffs appeal from (1) an order of the Supreme Court, Kings County (Rappaport, J.), dated November 20, 1990, which granted the motion of the defendant City of New York to dismiss the complaint at the close of the plaintiffs' case for failure to establish a prima facie case, and (2) a judgment of the same court, entered December 16, 1990, which is in favor of the defendant City of New York and against them.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is affirmed; and it is further,

Ordered that the respondent is awarded costs.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (see, *Matter of Aho,* 39 NY2d 241, 248). The issues raised on appeal from the order are brought up for review and have been considered on the appeal from the judgment (CPLR 5501 [a] [1]).

There is no merit to the plaintiffs' contention that the provision of the Administrative Code of the City of New York requiring prior written notice of a dangerous condition does not apply to the facts of this case. The provision in question requires, in relevent part, that the Commissioner of Transportation or any person or department authorized by him be given prior written notice before incurring liability for injury sustained as a consequence of a "dangerous or obstructed condition" on "any street, highway * * * or any part or portion [thereof]" (Administrative Code of City of NY § 7-201 [c] [2]). In the instant case, the abandoned car was clearly an obstruction and the plaintiffs provided no evidence that any prior written notice was given.

Because the code provision requiring prior written notice was not complied with, the only basis for an action against the City was the City's failure to enforce the law regarding abandoned vehicles. Vehicle and Traffic Law § 1224 (2), (3), (4), (7), and the Administrative Code §§ 16-122 and 16-128 govern the legality of abandoning cars on a public street and the removal of such cars by the City. Absent a special relationship between the City and the plaintiff, the City is not liable for its failure to enforce a statute or regulation (see, *Kenavan v City of New York,* 70 NY2d 558, 568; *Levine v Sharon,* 160 AD2d 840). The plaintiffs did not establish the elements of a special relationship (see, *Cuffy v City of New York,* 69 NY2d 255) and it was therefore proper to dismiss the complaint insofar as asserted against the City.

The plaintiffs' remaining contention regarding the redaction of a police report is without merit. Sullivan, J. P., Balletta, Lawrence and Joy, JJ., concur.