■ JOSEPH P. ROGERS et al., Appellants, v TOWN OF RAMAPO, Respondent. [622 NYS2d 731] —In an action to recover damages for personal injuries, the plaintiffs appeal from a judgment of the Supreme Court, Rockland County (Berger-

man, J.), dated October 19, 1993, which, upon the granting of the defendant's motion pursuant to CPLR 4401 to dismiss the complaint, made at the close of the plaintiffs' case and renewed at the close of the defendant's case, dismissed the complaint.

Ordered that the judgment is affirmed, with costs.

The plaintiffs' theory at trial in this personal injury action was that loose dirt on the roadway caused a hazardous condition which precipitated the subject motorcycle accident. Contrary to the plaintiffs' contentions, the allegedly hazardous condition is one which would not immediately come to the Town's attention absent actual notice thereof (see, Monteleone v Incorporated Vil. of Floral Park, 74 NY2d 917; Doremus v Incorporated Vil. of Lynbrook, 18 NY2d 362; cf., Hughes v Jahoda, 75 NY2d 881). Thus, the Town's prior written notice statute applies (see, Local Laws, 1977, No. 4 of Town of Ramapo).

The plaintiffs do not dispute that the Town never received written notice of the condition prior to the accident. There is no evidence that the Town created the condition through affirmative acts of negligence (see, Grant v Incorporated Vil. of Lloyd Harbor, 180 AD2d 716), or that the facts of this case fall within the narrow exception stated in Ferris v County of Suffolk (174 AD2d 70). The trial court therefore correctly granted the Town's motion to dismiss the action pursuant to CPLR 4401. Ritter, J. P., Copertino, Joy and Hart, JJ., concur.