■ GERALD K. TOWNSEND et al., Appellants, v COUNTY OF ALLEGANY, Respondent. [649 NYS2d 296] —Order unanimously affirmed without costs. Memorandum: We conclude that Supreme Court properly granted defendant's motion for summary judgment dismissing the complaint. Plaintiffs in their first cause of action seek title to the Wellsville, Addison and

Galeton (WAG) Trail, a narrow strip of land adjoining their properties. The record shows that in 1890 W. C. Farnum conveyed the WAG Trail to the Wellsville, Coudersport, and Pine Creek Railroad Company and its successors and assigns "so long as used or required for railroad purposes". In 1905 Farnum conveyed to Elmer Johnson, plaintiffs' predecessor in interest, the present land owned by plaintiffs, "reserving and excepting the lands granted to the Wellsville Coudersport & Pine Creek Railroad Company * * * [n]ow the Buffalo & Susquehanna Railroad Company[, and] operated by it". Subsequent deeds in plaintiffs' chain of title state that the northern boundary of the property is the land held by the railroad. Because the deeds of plaintiffs' predecessors establish that no interest in the railroad's land was conveyed, plaintiffs' first cause of action cannot be sustained (*see, Corning v Lehigh Val. R. R. Co.*, 14 AD2d 156, 163-164; *see also, Somerset R. R. Corp. v Owasco Riv. Ry.*, 69 NY2d 1023, 1025-1026, *rearg denied* 70 NY2d 745).

The second cause of action was properly dismissed because defendant did not have prior written notice of the alleged defective or dangerous condition of the property as required by local law (*see, e.g., Price v Village of Phoenix*, 222 AD2d 1079; *Ortsman v Town of Oyster Bay*, 178 AD2d 588, 589). To the extent that the second cause of action is based on defendant's failure to restrict access to or prevent trespassing on the WAG Trail, plaintiffs failed to establish a special relationship with defendant (*see, Miller v State of New York*, 62 NY2d 506, 510; *O'Connor v City of New York*, 58 NY2d 184, 189, *rearg denied* 59 NY2d 762).

Plaintiffs' further assertion of liability in the second cause of action based on defendant's failure to maintain or repair the WAG Trail, causing flooding on plaintiffs' property, also fails; the flooding resulted from a natural condition on the land (*see, Lichtman v Nadler*, 74 AD2d 66, 67). Finally, plaintiffs' claim of public nuisance in the second cause of action cannot be sustained because the Allegany County Board of Legislators closed the WAG Trail in 1989 and, thus, the public did not have a right to use it (*see, Andersen v University of Rochester*, 91 AD2d 851; *see also, Copart Indus. v Consolidated Edison Co.*, 41 NY2d 564, 568, *rearg denied* 42 NY2d 1102). (Appeal from Order of Supreme Court, Allegany County, Francis, J.—RPAPL art 16.) Present—Lawton, J. P., Fallon, Callahan, Balio and Davis, JJ.