■ THOMAS SEYMOUR, Appellant, v CITY OF NEW YORK, Respondent. [652 NYS2d 1009] —In an action to recover damages for personal injuries, the plaintiff appeals from a judgment of the Supreme Court, Queens County (Berke, J.), entered November 28, 1995, which, upon a trial ruling granting the defendant's motion, made at the close of the plaintiff's evidence, to dismiss the complaint for failure to prove a prima facie case, is in

favor of the defendant and against him dismissing the complaint.

Ordered that the judgment is affirmed, with costs.

The plaintiff was injured when the motorcycle upon which he was riding struck a New-York-City-installed, chain-link fence which had come loose from its supporting poles and collapsed onto the roadway. After the plaintiff presented his case at trial and rested, the defendant moved to dismiss the complaint on the ground that the plaintiff had failed to prove that the City had prior written notice of the obstruction in the road, a legal prerequisite to recovery under Administrative Code of the City of New York § 7-201 (c). The Supreme Court granted the motion and dismissed the action, and we now affirm.

Administrative Code § 7-201 (c) (2) provides, *inter alia,* that no action may be maintained against the City for injuries sustained as a consequence of a defective or obstructed condition in the street unless the City has received prior written notice of the defect. Here, it is undisputed that the City did not receive prior written notice of the street condition which allegedly caused the plaintiff's injuries.

Although prior written notice is not required when the municipality is affirmatively negligent in creating the allegedly defective condition *(see, Monteleone v Incorporated Vil. of Floral Park,* 74 NY2d 917), there is nothing in the record establishing that the City affirmatively created the alleged defect here *(see, Tyschak v Incorporated Vil. of Westbury,* 193 AD2d 670, 671). Nor is there probative evidence in the record that the City "inspected or [was] performing work upon the subject area shortly before the accident" *(Klimek v Town of Ghent,* 114 AD2d 614, 615; *cf., Giganti v Town of Hempstead,* 186 AD2d 627). Under these circumstances, the court correctly dismissed the action against the defendant.

The plaintiff's remaining contentions are without merit. Rosenblatt, J. P., Sullivan, Altman and Goldstein, JJ., concur.