■ JULIA BAEZ, Respondent, v CITY OF NEW YORK, Appellant. [653 NYS2d 926] —Order of the Appellate Term of the Supreme Court, First Department, entered July 28, 1995, which reversed an order of the Civil Court, New York County (Salvador Collazo, J.), entered October 20, 1993, granting defendant's motion to dismiss the complaint for failure to state a cause of action, and which denied the motion and reinstated the complaint, unanimously reversed, on the law, without costs, defendant's motion to dismiss granted and the complaint dismissed. The Clerk is directed to enter judgment accordingly.

Where plaintiff slipped on a section of a public roadway which was oily and slippery, her failure to plead compliance with the requirement of prior written notice of such an unsafe or dangerous condition pursuant to Administrative Code of the City of New York § 7-201 (c) (2) requires dismissal of her personal injury action against the City. While this section is commonly referred to as the "Pothole Law", the oily surface of the pavement described by the plaintiff as being a nontransitory condition is encompassed by the plain language of the statute, which invokes the notice requirement where a roadway is "out of repair, unsafe, dangerous or obstructed".

The Appellate Term reinstated the complaint, holding that only "actual physical defects" require notice under the statute, and that the oil described by plaintiff was not such a defect. It also found that even if notice were required for conditions other than actual physical defects, the oil that caused plaintiff's injuries was "too transitory in nature" to trigger the notice requirement. It is well established, however, that substances on the roadway may constitute a defect or unsafe condition, such that the statute's notice requirement is applicable (*see, e.g., Rogers v Town of Ramapo*, 211 AD2d 775 [loose dirt]; *King v County of Warren*, 178 AD2d 816, *lv denied* 79 NY2d 1027 [sand and debris]; *Herman v Town of Huntington*, 173 AD2d 681 [sand]; *see also, Monteleone v Incorporated Vil. of Floral Park*, 74 NY2d 917 [low-lying branch overhanging the sidewalk]).

Significantly, by plaintiff's own description, the condition was not fleeting or transitory. In her own affidavit, plaintiff stated that the area where she fell was in the vicinity of parked motor vehicles to which repairs were routinely made, in the course of which oil "was caused to fall on the roadway." In this regard, plaintiff averred that "[t]he area became subject to the special use of the people who were regularly disassembling, fixing, repairing, reassembling, and/or otherwise servicing said motor vehicles. This was apparent to many people at, near, and/or passing by the area, including members of the Police Department of the City of New York, the Department of Transportation, the Department of Sanitation, and other agencies and departments." We note that the latter allegation would not constitute notice under the statute, which requires either written, actual notice; written acknowledgment of the condition; or a previous accident arising from the same condition where the City received written notice thereof. Accordingly, no prior notice having been given to the City, the complaint was properly dismissed. Concur—Murphy, P. J., Milonas, Williams, Tom and Andrias, JJ.