■ ALVIN D. SOLONE, Appellant, v CITY OF NEW YORK, Respondent. [656 NYS2d 915] —In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Price, J.), entered January 2, 1996, which granted the defendant's motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

It is well settled that Administrative Code of City of New York § 7-201 (c) (2) requires a plaintiff to plead and prove that the City had prior notice of a defect in any "street, highway * * * [or] sidewalk" unless it can be demonstrated that the City was affirmatively negligent in causing or creating the defective condition (*see, Miller v City of New York,* 225 AD2d 396; *Elstein v City of New York,* 209 AD2d 186). The drainage hole into which the plaintiff fell was located on the side of the highway where he pulled his car off the road, and was in an area included in the definition of a "highway" under Vehicle and Traffic Law §§ 118, 143-a, and § 144-a. It is undisputed that the City did not receive notice of the defective condition which caused the injury. Furthermore, notwithstanding the plaintiff's conclusory assertion that the City "obviously" left the cover off of the hole after removing it to clean the drain, there is no evidence that the City was affirmatively negligent in causing or creating the condition (*see, Zinno v City of New York,* 160 AD2d 795).

Accordingly, the City's motion for summary judgment was properly granted. Sullivan, J. P., Pizzuto, Santucci and Joy, JJ., concur.