(June 16, 1997)

■ PETER ALMODOVAR, an Infant, by GLADYS GUZMAN, as Parent and Natural Guardian, et al., Appellants, v CITY OF NEW YORK et al., Respondents. [658 NYS2d 446] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal, as limited by their brief, from so much of a judgment of the Supreme Court, Kings County (Rappaport, J.), entered July 8, 1996, as, upon granting the cross motion of the defendant City of New York to dismiss the complaint insofar as asserted against it, dismissed the complaint insofar as asserted against the defendant City of New York.

Ordered that the judgment is affirmed insofar as appealed from, with costs.

On December 30, 1990, the infant plaintiff was walking with his brother and his friend along 37th Street in Brooklyn. At one point, the infant plaintiff veered from the sidewalk and into the roadway, allegedly due to the presence of an accumulation of debris which rendered the sidewalk passable only with great difficulty. He was then struck by a vehicle driven by an unidentified motorist. In the ensuing personal injury action, the plaintiffs alleged, *inter alia,* that the respondent City of New York was negligent in allowing the sidewalk to become impassable.

Pursuant to Administrative Code of the City of New York § 7-201 (c) (2), the respondent City of New York is protected from the imposition of personal injury liability based on the "obstructed condition" of any sidewalk "unless it appears that written notice of the * * * obstructed condition was actually given to the commissioner of transportation [or other authorized person] * * * and there was a failure or neglect within fifteen days after the receipt of such notice to repair or remove the * * * obstruction complained of". On appeal, the plaintiff argues that such prior written notice was not required in this case, where the dangerous condition consisted of "debris on a sidewalk", and where such condition was "open and obvious". We disagree.

The prior written notice requirement set forth in Administra-

tive Code § 7-201 (c) (2) explicitly encompasses dangerous conditions consisting of the obstruction of a sidewalk. There is no reason not to construe this language according to its literal meaning (*see, Monteleone v Incorporated Vil. of Floral Park*, 74 NY2d 917; *Seymour v City of New York*, 235 AD2d 470; *Lee v City of New York*, 193 AD2d 787; *King v County of Warren*, 178 AD2d 816). We therefore agree with the Supreme Court that Administrative Code § 7-201 (c) (2) applies to the facts of this case. Bracken, J. P., Rosenblatt, Thompson and Krausman, JJ., concur.