■ ROBERT J. WHITE, Respondent, v TOWN OF ISLIP, Appellant. [671 NYS2d 680] —In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Suffolk County (Doyle, J.), entered April 21, 1997, which denied its motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, the defendant's motion is granted, and the complaint is dismissed.

On February 19, 1993, the plaintiff was driving his car

northbound on Connetquot Avenue in the Town of Islip. As his car approached a curve on Connetquot Avenue, 200 feet north of its intersection with Roma Avenue, the plaintiff lost control of his vehicle, ran off the paved roadway, and crashed into trees on the east side of Connetquot Avenue.

The plaintiff instituted the instant action against the Town of Islip, alleging, *inter alia*, that it was negligent in its design and maintenance of Connetquot Avenue.

In support of its motion for summary judgment, the Town submitted "evidentiary proof in admissible form" (*Friends of Animals v Associated Fur Mfrs.*, 46 NY2d 1065, 1067-1068), including, *inter alia*, an affidavit from its traffic engineer, and portions of an examination before trial of a nonparty witness who was in the plaintiff's car at the time of the accident, which indicated that the roadway was not improperly designed or maintained in an unsafe condition and that the sole proximate cause of the accident was the plaintiff's failure to obey the posted speed limit (*see, Weiss v Fote,* 7 NY2d 579; *Tommassi v Town of Union,* 46 NY2d 91; *Muhlrad v Town of Goshen,* 231 AD2d 615; *Andrews v State of New York,* 168 AD2d 474).

In opposition, the plaintiff failed to "produce evidentiary proof in admissible form sufficient to require a trial of material questions of fact" (*Zuckerman v City of New York,* 49 NY2d 557, 562; *see, Hough v State of New York,* 203 AD2d 736).

Finally, the plaintiff's claim that the presence of sand on the roadway caused the accident must be rejected since no prior written notice of such a condition was given to the Town (*see,* Town Law § 65-a [1]; Town of Islip Code § 47 A-3; *Herman v Town of Huntington,* 173 AD2d 681; *Meyer v Town of Brookhaven,* 204 AD2d 699). Mangano, P. J., Copertino, Thompson and McGinity, JJ., concur.