■ WILLIAM DRENNEN et al., Respondents-Appellants, v CITY OF NEW YORK, Respondent, and AMERICAN GOLF CORPORATION, Appellant-Respondent. [681 NYS2d 590] —In an action to recover damages for personal injuries, etc., the defendant American Golf Corporation appeals, as limited by its brief, from so much of an order of the Supreme Court, Kings County (Bruno, J.), dated October 10, 1997, as denied that branch of the motion of the defendants City of New York and American Golf Corporation which was for summary judgment dismissing the complaint insofar as it was asserted against it, and the plaintiffs cross-appeal from so much of the same order as granted that branch of the defendants' motion which was for summary judgment dismissing the complaint insofar as asserted against the defendant City of New York.

Ordered that the order is affirmed insofar as appealed and cross-appealed from, without costs or disbursements.

The plaintiffs brought the instant action to recover damages for personal injuries allegedly suffered when the injured plaintiff, William Drennen, tripped and fell due to an alleged defect in the patio outside the clubhouse of the Dyker Beach Golf Course. The golf course is owned by the City of New York and operated and maintained by the defendant American Golf Corporation (hereinafter AGC). By the terms of its contract with the City, AGC is solely responsible for all of the maintenance of the golf course, its grounds, and its buildings. This is repeatedly and explicitly set forth in the contract, at Article IV, §§ 4.0 and 4.3, dealing with Operation of Facilities, Article IX, § 9.1, dealing with Repairs and Maintenance, and in Exhibit C to the contract, General Maintenance Specifications. Article IX, § 9.1 states "[d]uring the term of this Agreement the City shall not be obligated to make repairs * * * to the courses, the buildings, equipment, facilities or fixtures therein contained, all of which shall be kept, repaired, maintained, replaced or added to at all times by [AGC] in good order and repair and in sanitary and safe condition at its sole cost and expense".

The contract expressly provides that AGC is required to take over the duties formerly fulfilled by the owner of the premises, the City. Hence, as in *Palka v Servicemaster Mgt. Servs. Corp.* (83 NY2d 579), the duty of care owed by AGC extended to the injured plaintiff, a golfer utilizing the facilities at Dyker Beach Golf Course (*see, Longo v American Golf Corp.*, 256 AD2d 387

[decided herewith]). Since the injured plaintiff testified at an examination before trial that he was injured as he walked to the clubhouse after playing a round of golf, and issues of fact remain as to whether or not AGC was negligent in its duty to properly maintain the patio on which he fell, the Supreme Court properly denied that branch of the defendants' motion which was to dismiss the complaint insofar as asserted against AGC.

The Supreme Court properly granted that branch of the defendants' motion which was to dismiss the complaint insofar as asserted against the City of New York, as the plaintiffs failed to plead and prove compliance with Administrative Code of City of New York § 7-201 (c) (2) (*see, Solone v City of New York,* 238 AD2d 332; *Acevedo v City of New York,* 128 AD2d 488). O'Brien, J. P., Sullivan, Pizzuto and Florio, JJ., concur.