◼ MAXINE ESTRADA, Appellant, v CITY OF NEW YORK et al., Respondents, et al., Defendants. [709 NYS2d 105] —In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Hutcherson, J.), dated May 25, 1999, which granted the motion of the defendants City of New York and the New York City Police Department for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order is affirmed, with costs.

Pursuant to Administrative Code of the City of New York § 7-201 (c) (2), a plaintiff must plead and prove that the City had prior written notice of a street defect before it can be held liable for its alleged negligence in failing to maintain its streets in a reasonably safe condition (*see, Woodson v City of New York,* 93 NY2d 936; *Katz v City of New York,* 87 NY2d 241; *David v City of New York,* 267 AD2d 419; *Solone v City of New York,* 238 AD2d 332). It is also settled that transitory slippery conditions, such as those presented by oil (*see, Baez v City of New York,* 236 AD2d 305), sand (*see, White v Town of Islip,* 249 AD2d 464; *Herman v Town of Huntington,* 173 AD2d 681), loose dirt (*see, Rogers v Town of Ramapo,* 211 AD2d 775), or ice (*see, Grant v Incorporated Vil. of Lloyd Harbor,* 180 AD2d 716), are the types of potentially dangerous conditions for which prior written notice must be given before liability will attach. The plaintiff did not plead, and the municipal defendants did not receive, prior written notice of the oil spill that allegedly caused the plaintiff's accident. Thus, unless this case falls within a recognized exception to the requirement of prior written notice, no liability can be imposed on the municipal

defendants (*see, Sommer v Town of Hempstead,* 271 AD2d 434; *Caramanica v City of New Rochelle,* 268 AD2d 496; *Zinno v City of New York,* 160 AD2d 795).

It is well settled that a municipality which has enacted a prior written notice statute may not be subject to liability for personal injuries unless it either received actual written notice of the dangerous condition, its affirmative act of negligence proximately caused the accident, or where a special use confers a special benefit on the municipality (*see, Amabile v City of Buffalo,* 93 NY2d 471; *Poirier v City of Schenectady,* 85 NY2d 310). The instant case, involving an oil spill of unknown origin on a City thoroughfare, does not fit within these exceptions. Accordingly, the respondents' motion for summary judgment was properly granted. S. Miller, J. P., Friedmann, Florio and Smith, JJ., concur.