■ MIN WHAN OCK et al., Respondents, v CITY OF NEW YORK, Appellant, and GRACE KOREAN PRESBYTERIAN CHURCH, Respondent. [824 NYS2d 651]—

In an action to recover damages for personal injuries, etc., the defendant City of New York appeals from an order of the Supreme Court, Queens County (Orlikoff-Flug, J.), dated January 24, 2005, which denied its motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against it.

Ordered that the order is reversed, on the law, with costs, the motion of the City of New York for summary judgment dismissing the complaint and all cross claims insofar as asserted against it is granted, and the action against the remaining defendant is severed.

The plaintiff Min Whan Ock was injured when he tripped over several garbage bags that obstructed a pedestrian overpass within the City of New York. The City is not liable for a defect in or obstruction to a sidewalk or roadway unless it had received written notice of the condition at least 15 days prior to the occurrence and failed to remedy it (*see* Administrative Code of City of New York § 7-201 [c] [2]; *Almodovar v City of New York,* 240 AD2d 523 [1997]; *Zinno v City of New York,* 160 AD2d 795 [1990]). In opposition to the City's motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against it, the plaintiffs conceded, in effect, that there was no prior written notice of this condition, but argued that garbage bags are a "transitory condition" and, as such, are not covered by Administrative Code § 7-201 (c). This argument is

without merit (*see Estrada v City of New York,* 273 AD2d 194, 194-195 [2000]; *White v Town of Islip,* 249 AD2d 464 [1998]; *Almodovar v City of New York, supra; Rogers v Town of Ramapo,* 211 AD2d 775 [1995]), as is the plaintiffs' further contention that the City may be liable for such a defect or obstruction on the basis of constructive notice (*see Quinn v City of New York,* 305 AD2d 570, 572 [2003]). Although the City may be held liable, even in the absence of prior written notice, where it has affirmatively created the condition that allegedly caused the plaintiff's injuries (*see Hyland v City of New York,* 32 AD3d 822 [2006]; *Katsoudas v City of New York,* 29 AD3d 740 [2006]; *Yarborough v City of New York,* 28 AD3d 650, 651 [2006]), the plaintiffs failed, in opposition to the City's motion, to raise a triable issue of fact as to whether the City did so here.

Finally, there is no basis in the record for the denial of summary judgment pursuant to CPLR 3212 (f). The denial of summary judgment dismissing the complaint on that basis requires a showing that discovery might yield material facts that will warrant the denial of summary judgment (*see De Lage Landen Fin. Servs. v Mannetti Assoc.,* 305 AD2d 365, 366 [2003]; *Francis v Board of Educ. of City of Mount Vernon,* 278 AD2d 449 [2000]; *Venezia v Coldwell Banker Sammis Realty,* 270 AD2d 480, 482 [2000]). Such relief is not available to forestall summary judgment where, as here, the request for additional discovery is nothing more than a fishing expedition (*see Downey v Schneider,* 23 AD3d 514, 517 [2005]). Krausman, J.P., Rivera, Spolzino and Lifson, JJ., concur.