■ JANINE FARRELL, Appellant, v CITY OF NEW YORK, Respondent, and GRACE INDUSTRIES, INC., et al., Appellants. [854 NYS2d 470]—

At approximately 6:20 A.M. on May 15, 2002 the plaintiff, a New York City police detective, was driving to work on the Manhattan-bound Gowanus Expressway, approaching the toll booths at the Brooklyn Battery Tunnel, when her vehicle was struck by a metal object, later identified as a brake shoe that had apparently fallen off of a truck. The object pierced the wind-

shield of the plaintiff's vehicle, striking her in the head. The plaintiff was rendered unconscious and lost control of her vehicle which crashed into a concrete median and toll booth barrier. The plaintiff sustained significant injuries as a result of the accident.

In the order appealed from, the Supreme Court, inter alia, granted the City's motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against it, finding that the City was not given prior written notice of the alleged dangerous condition as required by Administrative Code of the City of New York § 7-201 (c) (2). We affirm the order insofar as reviewed.

Pursuant to Administrative Code of the City of New York § 7-201 (c) (2), a plaintiff must plead and prove that the City had prior written notice of a roadway defect, or dangerous or obstructed condition before it can be held liable for its alleged negligence related thereto (*see Estrada v City of New York*, 273 AD2d 194 [2000]). Transitory conditions present on a roadway or walkway such as debris, oil, ice, or sand have been found to constitute potentially dangerous conditions for which prior written notice must be given before liability may be imposed upon a municipality (*see Min Whan Ock v City of New York*, 34 AD3d 542 [2006]; *Estrada v City of New York*, 273 AD2d at 194; *White v Town of Islip*, 249 AD2d 464, 465 [1998]; *Almodovar v City of New York*, 240 AD2d 523 [1997]; *Rogers v Town of Ramapo*, 211 AD2d 775 [1995]; *Baez v City of New York*, 236 AD2d 305 [1997]). The only two exceptions to compliance with prior written notice statutes are where the municipality affirmatively created the alleged defect or dangerous condition, or where a special use conferred a special benefit upon the municipality (*see Amabile v City of Buffalo*, 93 NY2d 471, 474 [1999]; *Ferreira v County of Orange*, 34 AD3d 724, 724-725 [2006]). Neither actual nor constructive notice may substitute or override a prior written notice requirement (*see Silva v City of New York*, 17 AD3d 566, 567 [2005]).

Here, it was undisputed that the City had no prior written notice of the alleged dangerous condition. Accordingly, the City established its prima facie entitlement to judgment as a matter of law (*see Koehler v Incorporated Vil. of Lindenhurst*, 42 AD3d 438 [2007]; *Ferreira v County of Orange*, 34 AD3d at 725). In opposition, neither the plaintiff nor the other defendants (hereinafter collectively the appellants) raised a triable issue of fact as to whether the allegedly dangerous or obstructed condition was created by any affirmative acts of negligence by the City (*see Smith v Town of Brookhaven*, 45 AD3d 567 [2007]; *Ferreira*

*v County of Orange,* 34 AD3d at 725). The mere failure to maintain or repair a roadway constitutes an act of omission rather than an affirmative act of negligence (*see Monteleone v Incorporated Vil. of Floral Park,* 74 NY2d 917, 919 [1989]; *Silva v City of New York,* 17 AD3d 566, 568 [2005]; *Alfano v City of New Rochelle,* 259 AD2d 645 [1999]).

The appellants' remaining contentions either are improperly raised for the first time on appeal or are without merit. Prudenti, P.J., Miller, Dillon and McCarthy, JJ., concur.