■ RIGOBERTO MELENDEZ, Appellant, v CITY OF NEW YORK et al., Respondents, et al., Defendant. [898 NYS2d 868]—

In an action to recover damages for personal injuries, the plaintiff appeals, as limited by his brief, from so much of a judgment of the Supreme Court, Queens County (Kelly, J.), entered January 28, 2009, as, upon the granting of the motion of the defendants City of New York, Department of Environmental Protection, Bureau of Water Energy and Conservation, and New York State Housing Preservation and Development Corp. pursuant to CPLR 4401, made at the close of evidence, for judgment as a matter of law for the plaintiff's failure to establish a prima facie case, is in favor of those defendants and against him dismissing the complaint insofar as asserted against them.

Ordered that the judgment is affirmed insofar as appealed from, with costs.

The plaintiff tripped and fell over a manhole cover, which had been placed in an opening in the sidewalk, in an inverted manner, such that protruding structures on the bottom of the cover faced upward on the sidewalk.

At trial, the plaintiff failed to establish compliance with the applicable prior written notice law, Administrative Code of the City of New York § 7-201. Moreover, upon the evidence presented at trial, there exists no valid line of reasoning and permissible inferences (*see Tapia v Dattco, Inc.*, 32 AD3d 842 [2006]) which could possibly have led rational individuals to conclude that the respondents created the defect through an affirmative act of negligence, or that the manhole cover constituted a "special use" which conferred a special benefit upon the locality (*see Oboler v City of New York*, 8 NY3d 888, 889 [2007]; *Amabile v City of Buffalo*, 93 NY2d 471, 474 [1999]; *Ramos v City of New York*, 55 AD3d 896 [2008]). Accordingly, the Supreme Court properly granted the respondents' motion pursuant to CPLR 4401. Fisher, J.P., Covello, Lott and Sgroi, JJ., concur.