■ MICHAEL LEISEROWITZ, Respondent, v CITY OF NEW YORK, Appellant. [917 NYS2d 642]—

In an action to recover damages for personal injuries, the defendant appeals from a judgment of the Supreme Court, Kings County (Baily-Schiffman, J.), entered August 6, 2009, which, upon the denial of its motion pursuant to CPLR 4401 for judgment as a matter of law on the issue of liability made at the close of evidence, upon a jury verdict finding it 100% at fault in the happening of the accident, and upon a jury verdict on the issue of damages finding that the plaintiff sustained damages in the principal sum of $200,000, is in favor of the plaintiff and against it in the principal sum of $200,000.

Ordered that the judgment is reversed, on the law, with costs, the defendant's motion pursuant to CPLR 4401 for judgment as a matter of law is granted, and the complaint is dismissed.

A motion for judgment as a matter of law pursuant to CPLR 4401 may be granted only when the trial court determines that, upon the evidence presented, there is no rational process by which the jury could find in favor of the nonmoving party (*see Szczerbiak v Pilat*, 90 NY2d 553, 556 [1997]; *Alicea v Ligouri*, 54 AD3d 784 [2008]). In considering such a motion, "the trial court must afford the party opposing the motion every inference which may properly be drawn from the facts presented, and the facts must be considered in a light most favorable to the nonmovant" (*Szczerbiak v Pilat*, 90 NY2d at 556; *see Cathey v Gartner*, 15 AD3d 435, 436 [2005]). Under the circumstances presented here, there was no rational process by which the jury could find in favor of the plaintiff.

A municipality that has enacted a prior written notice law is excused from liability absent proof of prior written notice or a recognized exception thereto (*see Poirier v City of Schenectady*, 85 NY2d 310, 313 [1995]; *De La Reguera v City of Mount Vernon*, 74 AD3d 1127 [2010]; *Marshall v City of New York*, 52 AD3d 586 [2008]; *Akcelik v Town of Islip*, 38 AD3d 483, 484 [2007]).

The Court of Appeals has recognized two exceptions to this rule, "namely, where the locality created the defect or hazard through an affirmative act of negligence" and "where a special use confers a special benefit upon the locality" (*Amabile v City of Buffalo*, 93 NY2d 471, 474 [1999] [internal quotation marks omitted]; *see Melendez v City of New York*, 72 AD3d 913 [2010]; *Schleif v City of New York*, 60 AD3d 926, 928 [2009]; *Desposito v City of New York*, 55 AD3d 659, 660 [2008]). Here, in connection with an alleged sidewalk defect, "the affirmative negligence exception 'is limited to work by the City that immediately results in the existence of a dangerous condition' " (*Yarborough v City of New York*, 10 NY3d 726, 728 [2008], quoting *Oboler v City of New York*, 8 NY3d 888, 889 [2007] [internal quotation marks omitted]; *see Trinidad v City of Mount Vernon*, 51 AD3d 661, 662 [2008]; *cf. San Marco v Village/Town of Mount Kisco*, 16 NY3d 111 [2010]). Contrary to the plaintiff's contention, upon the evidence presented at trial, no valid line of reasoning and permissible inferences could possibly have led rational jurors to conclude, as contended by the plaintiff, that the defendant, City of New York, created the alleged hazardous condition on the sidewalk through an affirmative act of negligence (*see Bernstein v City of New York*, 69 NY2d 1020, 1022 [1987]; *cf. Schneider v Kings Hwy. Hosp. Ctr.*, 67 NY2d 743 [1986]). Rivera, J.P., Leventhal, Sgroi and Miller, JJ., concur.