◼ MARGARET HUBBARD, Respondent, v CITY OF NEW YORK, Appellant. [924 NYS2d 533]—

In an action to recover damages for personal injuries, the defendant appeals from a judgment of the Supreme Court, Kings County (Schack, J.), entered January 4, 2010, which, upon a jury verdict on the issue of liability finding it 100% at fault in the happening of the accident, and upon the denial of its motion pursuant to CPLR 4401 for judgment as a matter of law, is in favor of the plaintiff and against it in the total sum of $463,712.99.

Ordered that the judgment is reversed, on the law, with costs, the defendant's motion pursuant to CPLR 4401 for a judgment as a matter of law is granted, and the complaint is dismissed.

The plaintiff, Margaret Hubbard, commenced this action

against the City of New York (hereinafter the City) as a result of an alleged trip-and-fall over a downed lamppost that was lying in the gutter of a street and had not been visible to her due to significant snowfall. Her theory of liability as alleged in her pleadings was that of negligence by the City in permitting the site where the accident occurred to remain in a dangerous condition. There was no allegation that the City caused the condition through an affirmative act of negligence. Almost six years later, this case proceeded to trial, and following jury selection, the City made a motion to dismiss the complaint for lack of prior written notice. The Supreme Court denied the motion and allowed the case to proceed.

During trial, the plaintiff for the first time presented evidence and argued that the City was liable under a theory of an affirmative act of negligence. Specifically, the plaintiff's daughter testified that 11 days prior to her mother's accident, she witnessed a New York City Sanitation Department snow plow truck knock over the subject lamppost and then saw two sanitation workers get out of the truck, pick up the lamppost, and move it into the gutter of the street. However, the plaintiff failed to present any evidence as to prior written notice. At the completion of the plaintiff's case, the City moved for judgment as a matter of law pursuant to CPLR 4401 on the ground that the plaintiff failed to establish a prima facie case. It contended that it had not received prior written notice of the alleged dangerous condition. The Supreme Court denied the motion. The jury returned a verdict finding the City 100% at fault in the happening of the accident and awarded damages. We reverse.

The trial court erred in allowing the plaintiff to proceed under an affirmative act of negligence theory of liability. This theory was not contained in either the plaintiff's pleadings or her bills of particulars. In fact, in its demand for a bill of particulars, the City explicitly asked the plaintiff to state if actual or constructive notice were claimed, and additionally, whether she alleged that the City created the condition. In her bill of particulars in response, she only stated that actual and constructive notice were claimed. She did not claim that the City created the condition.

As this was a new theory not previously disclosed, the City had no opportunity to prepare a rebuttal. Accordingly, the trial court erred in allowing the plaintiff to assert this new theory of liability for the first time at trial (*see Thompson v New York City Hous. Auth.*, 212 AD2d 775, 776 [1995]; *see also Navarette v Alexiades*, 50 AD3d 872 [2008]) and this error was not harm-

less (see *Caccioppoli v City of New York*, 50 AD3d 1079, 1080-1081 [2008]).

"Pursuant to Administrative Code of the City of New York § 7-201 (c) (2), a plaintiff must plead and prove that the City had prior written notice of a roadway defect, or dangerous or obstructed condition before it can be held liable for its alleged negligence related thereto" (*Farrell v City of New York*, 49 AD3d 806, 807 [2008]; see Administrative Code of City of NY § 7-201 [c] [2]). "The Court of Appeals has recognized two exceptions to this rule, 'namely, where the locality created the defect or hazard through an affirmative act of negligence' and 'where a special use confers a special benefit upon the locality' " (*Leiserowitz v City of New York*, 81 AD3d 788, 789 [2011], quoting *Amabile v City of Buffalo*, 93 NY2d 471, 474 [1999]). Here, the plaintiff failed to present any evidence that the City had prior written notice. Further, the plaintiff did not contend special use and, as aforementioned, should have been precluded from alleging an affirmative act of negligence theory. Accordingly, the Supreme Court should have granted the City's motion for judgment as a matter of law pursuant to CPLR 4401.

In light of our determination, we need not address the parties' remaining contentions. Angiolillo, J.P., Florio, Belen and Roman, JJ., concur.