■ ANDREW MINEW, Respondent, v CITY OF NEW YORK, Appellant. [966 NYS2d 476]—

In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Kings County (Velasquez, J.), dated May 10, 2012, which denied its motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, and the defendant's motion for summary judgment dismissing the complaint is granted.

The plaintiff, a New York City police officer, was injured on the job on January 4, 2009, when he tripped and fell on a raised portion of the roadway surface located on the west side of Coney Island Avenue, between Avenue H and the Long Island Rail Road Bay Ridge Line in Brooklyn. There was evidence that the condition had been present in the roadway since 2004, and that the New York City Department of Transportation highway inspectors were present near the site on at least three occasions from February 2007 to July 2007 in connection with certain permits which had been issued to "Keyspan" and Consolidated Edison Company. The defendant, the City of New York, moved for summary judgment dismissing the complaint on the ground that it did not have prior written notice of the road defect over which the plaintiff tripped and fell. The plaintiff opposed on the ground, inter alia, that the City had constructive notice of the defect. The Supreme Court agreed with the plaintiff and denied the City's motion.

"Pursuant to Administrative Code of the City of New York § 7-201 (c) (2), a plaintiff must plead and prove that the City had prior written notice of a roadway defect, or dangerous or obstructed condition before it can be held liable for its alleged negligence related thereto" (*Hubbard v City of New York*, 84 AD3d 1313 [2011]; *see Burwell v City of New York*, 97 AD3d 617 [2012]; *Daniels v City of New York*, 91 AD3d 699 [2012]; *Farrell v City of New York*, 49 AD3d 806, 807 [2008]). "The only two recognized exceptions to the prior written notice requirement are where the municipality created the defect through an affirmative act of negligence, or where the defect resulted from a special use of the property by the municipality which conferred a special benefit on it" (*Levy v City of New York*, 94 AD3d 1060, 1060 [2012]; *see Oboler v City of New York*, 8 NY3d 888, 889-890 [2007]; *Amabile v City of Buffalo*, 93 NY2d 471, 474 [1999]).

Here, the plaintiff did not allege one of the recognized exceptions. Thus, the City established its prima facie entitlement to judgment as a matter of law by providing evidence that it did not have prior written notice of the alleged defective condition, shifting the burden to the plaintiff to demonstrate the existence of one of the two recognized exceptions to the prior written notice statute (*see Yarborough v City of New York*, 10 NY3d 726, 728 [2008]; *Levy v City of New York*, 94 AD3d at 1060; *cf. Carlucci v Village of Scarsdale*, 104 AD3d 797 [2013]). The plaintiff failed to do so. Contrary to the plaintiff's contentions and the Supreme Court's determination, neither actual nor constructive notice obviates the need for prior written notice under the Administrative Code (*see Farrell v City of New York*,

49 AD3d at 807; *Lopez v Gonzalez*, 44 AD3d 1012, 1013 [2007]; *Min Whan Ock v City of New York*, 34 AD3d 542 [2006]; *Reich v Meltzer*, 21 AD3d 543, 544 [2005]; *see also Amabile v City of Buffalo*, 93 NY2d at 475-476). Angiolillo, J.P., Hall, Roman and Hinds-Radix, JJ., concur.