De Zapata v City of New York (2019 NY Slip Op 04132)





De Zapata v City of New York


2019 NY Slip Op 04132


Decided on May 29, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 29, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
SHERI S. ROMAN
SYLVIA O. HINDS-RADIX
HECTOR D. LASALLE, JJ.


2017-03033
 (Index No. 9526/14)

[*1]Margarita Puello De Zapata, appellant, 
v
City of New York, respondent, et al., defendant.


Lipsig, Shapey, Manus & Moverman, P.C. (Pollack, Pollack, Isaac & DeCicco, LLP, New York, NY [Brian J. Isaac, Michael H. Zhu, and Jillian Rosen], of counsel), for appellant.
 Zachary W. Carter, Corporation Counsel, New York, NY (Jane L. Gordon and Melanie T. West of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Lara J. Genovesi, J.), dated February 2, 2017. The order, insofar as appealed from, granted the motion of the defendant City of New York for summary judgment dismissing the complaint insofar as asserted against it.
ORDERED that the order is affirmed insofar as appealed from, with costs.
The plaintiff allegedly was injured on January 24, 2014, when she fell while walking on the sidewalk in front of premises located at 96 Hemlock Street in Brooklyn. By notice of claim dated April 16, 2014, the plaintiff asserted a claim against the City of New York to recover damages for physical injuries she sustained "as a result of falling upon hazardous and dangerous snow and ice . . . that accumulated inside the broken and depressed surfaces of the sidewalk." On June 26, 2014, the plaintiff commenced this action against, among others, the City. The City moved for summary judgment dismissing the complaint insofar as asserted against it, contending, among other things, that it did not have prior written notice of the alleged defect that caused the plaintiff to fall and that it lacked constructive notice of any icy condition at the location of the accident. In support of the motion, the City submitted transcripts of the plaintiff's deposition testimony and General Municipal Law § 50-h hearing testimony, photographs of the accident site, certified climatological data, and a map served upon the New York City Department of Transportation by the Big Apple Pothole & Sidewalk Protection Committee (hereinafter the Big Apple map) in 2003. The plaintiff testified that she fell while walking on the sidewalk in front of the premises located at 96 Hemlock Street when she stepped in a "hole" or "ditch" covered with ice. She identified the "ditch" on a photograph of the accident site. In opposition, the plaintiff contended that the Big Apple map constituted prior written notice of the defect and that the City had constructive notice of the ice, since the accident occurred three days after a snow storm and the temperature remained below freezing up until the date of the accident. By order dated February 2, 2017, the Supreme Court, inter alia, granted the City's motion.
Administrative Code of the City of New York § 7-201(c) "limits the City's duty of care over municipal streets and sidewalks by imposing liability only for those defects or hazardous conditions which its officials have been actually notified exist at a specified location" (Katz v City of New York, 87 NY2d 241, 243; see Gellman v Cooke, 148 AD3d 1117, 1118; Williams v City of New York, 134 AD3d 809, 809; Cendales v City of New York, 25 AD3d 579, 580). Accordingly, "prior written notice of a defect is a condition precedent which plaintiff is required to plead and prove to maintain an action against the City" (Katz v City of New York, 87 NY2d at 243; see Gellman v Cooke, 148 AD3d at 1118; Hyland v City of New York, 32 AD3d 822, 823; Estrada v City of New York, 273 AD2d 194, 194). "The only recognized exceptions to the prior written notice requirement involve situations in which either the municipality created the defect through an affirmative act of negligence, or a special use confers a special benefit upon the municipality" (Puzhayeva v City of New York, 151 AD3d 988, 990; see Yarborough v City of New York, 10 NY3d 726, 728; Amabile v City of Buffalo, 93 NY2d 471, 474). "Transitory conditions present on a roadway or walkway such as debris, oil, ice, or sand have been found to constitute potentially dangerous conditions for which prior written notice must be given before liability may be imposed upon a municipality" (Farrell v City of New York, 49 AD3d 806, 807; see Min Whan Ock v City of New York, 34 AD3d 542; Estrada v City of New York, 273 AD2d at 194). "Neither actual nor constructive notice may substitute or override a prior written notice requirement" (Farrell v City of New York, 49 AD3d at 807; see Silva v City of New York, 17 AD3d 566, 567).
Here, the City established its prima facie entitlement to judgment as a matter of law by demonstrating, through its submissions, that it had not received prior written notice of the alleged "hole," "ditch," or icy condition the plaintiff claimed to have caused her to fall. In opposition, the plaintiff failed to raise a triable issue of fact. Although the Big Apple map indicated that the sidewalk abutting the subject property had an "[e]xtended section of raised or uneven sidewalk," it did not provide the City with notice of the alleged defect, which the plaintiff consistently described as a "hole" or "ditch" (see Vega v 103 Thayer St., LLC, 23 NY3d 1027, 1028; Rodriguez v City of New York, 152 AD3d 810, 810-811; Daniels v City of New York, 91 AD3d 699, 700-701; Roldan v City of New York, 36 AD3d 484, 484; Laughton v City of New York, 30 AD3d 472, 473; Cuccia v City of New York, 22 AD3d 516, 516). Additionally, the evidence demonstrated that none of the recognized exceptions to the prior written notice requirement were applicable here.
Accordingly, we agree with the Supreme Court's determination granting the City's motion for summary judgment dismissing the complaint insofar as asserted against it.
RIVERA, J.P., ROMAN, HINDS-RADIX and LASALLE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court