JOSE LOPEZ, Appellant, v JUAN GONZALEZ, Defendant, and CITY OF NEW YORK, Respondent. [845 NYS2d 91]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Kramer, J.), dated July 14, 2006, which granted that branch of the motion of the defendant City of New York which was pursuant to CPLR 4404 for judgment as a matter of law and to dismiss the complaint insofar as asserted against it.

Ordered that the order is affirmed, with costs.

On July 10, 2000 the plaintiff allegedly was injured while riding his bicycle over a defect in the roadway which caused him to lose control and collide with a vehicle driven by the defendant Juan Gonzalez. The plaintiff commenced this action to recover damages for personal injuries against Gonzalez and the City of New York. After a bifurcated jury trial on the issue of liability, the jury apportioned responsibility for the accident 65% to the City, 7% to Gonzalez, and 28% to the plaintiff. The Supreme Court subsequently granted that branch of the City's motion which was pursuant to CPLR 4404 for judgment as a matter of law and to dismiss the complaint insofar as asserted against it. We affirm.

The City is not liable for a defect in or obstruction to a sidewalk or roadway unless it had received written notice of the condition at least 15 days prior to the occurrence and failed to remedy it (*see* Administrative Code of City of NY § 7-201 [c] [2]; *Min Whan Ock v City of New York*, 34 AD3d 542 [2006]). Prior to the plaintiff's accident, the City received citizen complaints of two roadway defects at or near the site of the plaintiff's accident. Two repair work orders were subsequently issued by the City; two roadway defects were repaired by the City on September 29, 1999 and one roadway defect was repaired by the City on June 13, 2000. Contrary to the plaintiff's contention, neither the citizen complaints nor the prior written repair orders constituted written notice of those prior defects (*see*

*Akcelik v Town of Islip,* 38 AD3d 483 [2007]; *DeSilva v City of New York,* 15 AD3d 252, 253 [2005]; *Dalton v City of Saratoga Springs,* 12 AD3d 899, 901 [2004]; *Gee v City of New York,* 304 AD2d 615, 617 [2003]; *Cenname v Town of Smithtown,* 303 AD2d 351 [2003]). In any event, even if the City had been provided with written notice of those prior defects, the plaintiff failed to present any evidence that the City received prior written notice of the subject defect following the repair on June 13, 2000 (*see Capobianco v Mari,* 272 AD2d 497 [2000]; *see also Khemraj v City of New York,* 37 AD3d 419 [2007]). To the extent that the plaintiff contends that the prior defects provided the City with actual and/or constructive notice of the subject defect, such notice does not obviate the statutory requirement of written notice (*see Amabile v City of Buffalo,* 93 NY2d 471, 475-476 [1999]; *Granderson v City of White Plains,* 29 AD3d 739, 740 [2006]; *Quinn v City of New York,* 305 AD2d 570, 572 [2003]). Prudenti, P.J., Fisher, Dillon and Dickerson, JJ., concur.