■ KENNETH WONG, Respondent, v SAUL CRUZ, JR., et al., Appellants. [32 NYS3d 641]—

In an action to recover damages for personal injuries, the defendants appeal from a judgment of the Supreme Court, Kings County (Jimenez-Salta, J.), dated May 6, 2014, which, upon an order of the same court dated September 21, 2012, awarding the plaintiff summary judgment on the issue of liability, upon the denial of their motion pursuant to CPLR 4401 for judgment as a matter of law made at the close of the plaintiff's case at a jury trial on the issue of damages, upon a jury verdict on the issue of damages finding that the plaintiff sustained a serious injury under the significant limitation of use category of Insurance Law § 5102 (d) and that the plaintiff sustained damages in the principal sums of $60,000 for past pain and suffering and $30,000 for future pain and suffering, and upon the denial of their motion pursuant to CPLR 4404 (a) to set aside that verdict, is in favor of the plaintiff and against them in the principal sum of $90,000.

Ordered that the judgment is reversed, on the law, with costs, the defendants' motion pursuant to CPLR 4401 for judgment as a matter of law on the issue of serious injury is granted, and the complaint is dismissed.

While riding his bicycle, the plaintiff was struck and injured by a truck owned by the defendant Saul Cruz and operated by the defendant Saul Cruz, Jr. The plaintiff commenced this action to recover damages for personal injuries resulting from the accident, and was awarded summary judgment against the defendants on the issue of liability.

The action proceeded to a trial on the issue of damages, at which the plaintiff was required to present prima facie proof that he sustained a "serious injury" under Insurance Law § 5102 (d) (see Rudra v Friedman, 123 AD3d 1104 [2014]). At the close of the plaintiff's case, the defendants moved pursuant to CPLR 4401 for judgment as a matter of law on the ground that the plaintiff failed to establish, prima facie, that he sustained a serious injury to his right shoulder. The Supreme Court denied the motion. At the conclusion of the trial, the jury determined, inter alia, that the plaintiff suffered a significant limitation of use of his right shoulder, and awarded damages in the principal sums of $60,000 for past pain and suffering

and $30,000 for future pain and suffering. The Supreme Court also denied the defendants' post-verdict motion pursuant to CPLR 4404 (a) to set aside the verdict on the ground that the plaintiff failed to establish, prima facie, that he sustained a serious injury under the significant limitation of use category of Insurance Law § 5102 (d). The defendants appeal.

"A motion pursuant to CPLR 4401 or 4404 for judgment as a matter of law may be granted only 'where the trial court finds that, upon the evidence presented, there is no rational process by which the fact trier could base a finding in favor of the nonmoving party' " (*Caliendo v Ellington*, 104 AD3d 635, 636 [2013], quoting *Szczerbiak v Pilat*, 90 NY2d 553, 556 [1997]). "In considering the motion for judgment as a matter of law, the trial court must afford the party opposing the motion every inference which may properly be drawn from the facts presented, and the facts must be considered in a light most favorable to the nonmovant" (*Szczerbiak v Pilat*, 90 NY2d at 556; *see Hamilton v Rouse*, 46 AD3d 514, 516 [2007]).

Viewing the evidence in the light most favorable to the plaintiff, there was no rational process by which the jury could find that the plaintiff established that the injury to his right shoulder constituted a serious injury under the significant limitation of use category of Insurance Law § 5102 (d). Although the plaintiff's sole expert opined that the plaintiff's right shoulder sustained a significant limitation, no objective evidence was provided as to the extent of the alleged limitation (*see Bacon v Bostany*, 104 AD3d 625, 627-628 [2013]; *Kilakos v Mascera*, 53 AD3d 527, 528-529 [2008]; *see generally Toure v Avis Rent A Car Sys.*, 98 NY2d 345, 352 [2002]).

Accordingly, the Supreme Court should have granted the defendants' motion pursuant to CPLR 4401 for judgment as a matter of law at the close of the plaintiff's case. Hall, J.P., Roman, Cohen and Connolly, JJ., concur.