■ THERESA GUSS, Respondent, v CITY OF NEW YORK et al., Appellants, et al., Defendants. [46 NYS3d 652]—

In an action to recover damages for personal injuries, the defendants City of New York and New York City Department of Transportation appeal from a judgment of the Supreme Court, Kings County (Graham, J.), dated March 25, 2014, which, upon the denial of their motion, in effect, pursuant to CPLR 4401 for judgment as a matter of law made at the close of the plaintiff's case on the issue of liability, upon a jury verdict finding them 100% at fault in the happening of the accident, upon a separate jury verdict on the issue of damages, and upon the denial of their motion pursuant to CPLR 4404 to set aside the jury verdict on the issue of liability as contrary to the weight of the evidence and for a new trial, or, in the alternative, to set aside the jury verdict on the issue of damages as excessive, is in favor of the plaintiff and against them in the principal sum of $2,798,599.

Ordered that the judgment is modified, on the law, on the facts, and in the exercise of discretion, by deleting the provision thereof awarding damages for future medical expenses; as so modified, the judgment is affirmed, without costs or disbursements, that branch of the motion of the defendants City of New York and New York City Department of Transportation pursuant to CPLR 4404 which was to set aside as excessive so much of the jury verdict as awarded the plaintiff damages in the principal sum of $2,025,600 for future medical expenses is granted, and the matter is remitted to the Supreme Court, Kings County, for a new trial on the issue of damages for future medical expenses, and for the entry of an appropriate amended judgment thereafter, unless within 30 days after service upon the plaintiff of a copy of this decision and order, the plaintiff shall serve and file in the office of the Clerk of the Supreme Court, Kings County, a written stipulation consenting to reduce the damages award for future medical expenses from

the sum of $2,025,600 to the sum of $681,600, and to the entry of an amended judgment accordingly; in the event that the plaintiff so stipulates, the judgment, as so reduced and amended, is affirmed, without costs or disbursements.

On the evening of November 5, 2005, the plaintiff tripped and fell in a hole four to five feet long and four feet wide in a street near her home, after exiting a taxicab. The New York City Department of Environmental Protection had excavated in the area approximately six weeks prior to the plaintiff's fall. The plaintiff commenced this action to recover damages for personal injuries against, among others, the City of New York and the New York City Department of Transportation (hereinafter together the City defendants), alleging that she had sustained a fractured hip as a result of the fall.

At trial, after the close of the plaintiff's case, the City defendants moved, in effect, pursuant to CPLR 4401 for judgment as a matter of law on the issue of liability. The Supreme Court reserved its decision. After the trial, the jury found the City defendants 100% at fault for the plaintiff's injuries, and awarded her damages for past and future pain and suffering and past and future medical expenses. The City defendants renewed their motion for judgment as a matter of law, and, in the alternative, moved for a new trial, arguing, inter alia, that the jury's verdict on liability was against the weight of the evidence and the verdict with respect to future medical expenses was excessive. The Supreme Court denied the motions on the ground that the evidence adduced presented issues of credibility for the jury. The City defendants appeal.

"A motion pursuant to CPLR 4401 or 4404 for judgment as a matter of law may be granted only 'where the trial court finds that, upon the evidence presented, there is no rational process by which the fact trier could base a finding in favor of the nonmoving party' " (*Caliendo v Ellington*, 104 AD3d 635, 636 [2013], quoting *Szczerbiak v Pilat*, 90 NY2d 553, 556 [1997]; *see Wong v Cruz*, 140 AD3d 860 [2016]). "In considering the motion for judgment as a matter of law, the trial court must afford the party opposing the motion every inference which may properly be drawn from the facts presented, and the facts must be considered in a light most favorable to the nonmovant" (*Szczerbiak v Pilat*, 90 NY2d at 556; *see Wong v Cruz*, 140 AD3d at 860).

"Where, as here, a municipality has enacted a prior written notice law, it may not be subjected to liability for injuries caused by a dangerous roadway condition unless it has received prior written notice of the dangerous condition, or an exception

to the prior written notice requirement applies" (*Phillips v City of New York*, 107 AD3d 774, 774 [2013]; *see Wald v City of New York*, 115 AD3d 939, 940 [2014]). There are recognized exceptions to the prior written notice requirement, where the defect or hazard results from an "affirmative act of negligence" by the municipality, or a special use by the municipality conferred a special benefit upon it (*Methal v City of New York*, 116 AD3d 743, 743 [2014] [internal quotation marks omitted]; *see McManus v Klein*, 136 AD3d 700, 700 [2016]; *Minew v City of New York*, 106 AD3d 1060, 1061 [2013]). "Additionally, the affirmative negligence exception 'is limited to work by the City that immediately results in the existence of a dangerous condition' " (*Yarborough v City of New York*, 10 NY3d 726, 728 [2008], quoting *Oboler v City of New York*, 8 NY3d 888, 889 [2007]; *see Methal v City of New York*, 116 AD3d at 743-744; *Laracuente v City of New York*, 104 AD3d 822, 822-823 [2013]).

Here, there was no evidence that the City defendants had received prior written notice of the condition that allegedly caused the plaintiff's injuries, or that the City defendants made special use of the roadway. However, evidence was adduced at the trial that in September 2005, approximately six weeks before the accident, the City defendants dug a hole at the site of the accident to fix a leak. The City defendants then filled the hole, put down what was known as a cold patch, and put in a work order for a hot patch of hot asphalt to seal the patch and complete the restoration. According to the plaintiff's expert, the cold patch was temporary and unstable.

An employee of the City defendants who allegedly performed the work testified at the trial, examined a photograph of the accident site, and noted that the hole was not flush with the street and not squared off. He testified that he "usually" squared off all holes, and that this was "not my work." This condition did not result from the negligent repair of a pothole, resulting in the reappearance of the same pothole due to environmental wear and tear (*cf. Yarborough v City of New York*, 10 NY3d at 728; *Kushner v City of Albany*, 7 NY3d 726 [2006]; *Wilson v Incorporated Vil. of Hempstead*, 120 AD3d 665, 666-667 [2014]). Rather, the defect resulted from the affirmative act of creating a hole, and thereafter, failing to complete the restoration of the street.

Viewing the evidence in the light most favorable to the plaintiff, there was a rational process by which the jury could find that the plaintiff established that the repair by the City defendants immediately resulted in the existence of a dangerous condition because of the failure to seal the area with a hot

patch (*see Perrington v City of Mount Vernon*, 37 AD3d 571, 572 [2007]). Further, the testimony of the City defendants' employee presented an issue of credibility for the jury as to what in fact was done. It cannot be said that the jury's verdict in favor of the plaintiff as to liability could not have been reached on any fair interpretation of the evidence (*see Sessa v Seddio*, 132 AD3d 656, 656 [2015]). Accordingly, the jury's verdict as to liability was not contrary to the weight of the credible evidence.

However, the jury's verdict with respect to future medical expenses was excessive to the extent indicated. The plaintiff sought and was awarded future nursing home costs as part of her future medical expenses. The weight of the evidence did not support an award for those costs amounting to $1,344,000. There was evidence that those costs were attributable to unrelated medical conditions suffered by the plaintiff. To the extent that the future nursing home costs were the result of the injury the plaintiff sustained in the accident, the weight of the credible evidence indicated those nursing home costs were duplicative of separate items of damages for medical providers, medical equipment, medications, and transportation to medical providers amounting to $681,600. Accordingly, that branch of the motion of the City pursuant to CPLR 4404 which was to set aside as excessive so much of the jury verdict as awarded the plaintiff damages in the principal sum of $2,025,600 for future medical expenses should have been granted. Rivera, J.P., Austin, Hinds-Radix and Maltese, JJ., concur.