■ ANDREW GONSALVES, Plaintiff, v 35 W. 54 REALTY CORP., Defendant/Third-Party Plaintiff-Respondent, et al., Defendant. GEIGER CONSTRUCTION COMPANY, INC., Third-Party Defendant-Appellant, et al., Third-Party Defendants. (Action No. 1.) SHA-HAZAD M. RASHEED, Plaintiff, v 35 W. 54 REALTY CORP., Defendant/Third-Party Plaintiff-Respondent, et al., Defendant. GEIGER CONSTRUCTION COMPANY, INC., Third-Party Defendant-Appellant, et al., Third-Party Defendants. (Action No. 2.) [47 NYS3d 367]—

In two separate actions to recover damages for personal injuries, which were joined for trial and in which the defendant third-party plaintiff in both actions, 35 W. 54 Realty Corp., commenced third-party actions seeking, inter alia, contribution and common-law indemnification, Geiger Construction Company, Inc., a third-party defendant in both actions, appeals from two judgments of the Supreme Court, Queens County (Ritholtz, J.), both entered December 23, 2014 (one in each action), which, upon a jury verdict on the issue of liability finding that it was at fault in the happening of the accident, and upon the denial of its motion pursuant to CPLR 4401 for judgment as a matter of law, made at the close of 35 W. 54 Realty Corp.'s case, and upon the denial of its motion pursuant to CPLR 4404 (a) to set aside the verdict and for judgment as a matter of law, are in favor of 35 W. 54 Realty Corp. on the third-party causes of action for contribution and common-law indemnification, and against it.

Ordered that the judgments are reversed, on the law, with

one bill of costs, and the motion of the third-party defendant Geiger Construction Company, Inc., pursuant to CPLR 4401 for judgment as a matter of law dismissing the third-party causes of action for contribution and common-law indemnification insofar as asserted against it is granted.

On August 3, 2011, the plaintiff Andrew Gonsalves, an employee of KG Building Maintenance, Inc., and the plaintiff Shahazad M. Rasheed, an employee of GR Restoration, were attempting to lower a power washer from a sidewalk bridge at a construction site managed by Geiger Construction Company, Inc. (hereinafter Geiger Construction), on premises owned by 35 W. 54 Realty Corp. (hereinafter Realty). The sidewalk bridge was built by Perimeter Bridge & Scaffold Co. (hereinafter Perimeter). Ropes were tied to each side of the power washer in order to lower it to the ground. The plaintiffs and another worker then lifted the power washer from the sidewalk bridge platform and rested it on a parapet wall made of plywood that surrounded the sidewalk bridge. The wall collapsed, and the plaintiffs fell to the ground.

Thereafter, the plaintiffs commenced separate actions against Realty and Perimeter, alleging violations of Labor Law §§ 200, 240 (1) and 241 (6), and common-law negligence. The Supreme Court granted the plaintiffs' separate motions for summary judgment on the issue of liability on the causes of action alleging a violation of Labor Law § 240 (1) insofar as asserted against Realty. In both actions, Realty had filed third-party complaints seeking, inter alia, common-law indemnification and contribution against Geiger Construction, among others. Realty later discontinued its causes of action against all of the third-party defendants except Geiger Construction. The plaintiffs' actions insofar as asserted against Perimeter and Realty's third-party actions were joined for a jury trial on the issue of liability.

At the ensuing trial, following the close of Realty's case, Geiger Construction moved pursuant to CPLR 4401 for judgment as a matter of law dismissing the third-party causes of action for contribution and common-law indemnification insofar as asserted against it on the grounds that the plaintiffs were its special employees and that Realty did not establish a prima facie case of negligence against it. The Supreme Court denied the motion. The jury returned a verdict finding that the plaintiffs were not Geiger Construction's special employees, that Geiger Construction was negligent, and that such negligence was a proximate cause of the accident. The jury also found that Perimeter was not negligent. Thereafter, the

Supreme Court denied Geiger Construction's motion pursuant to CPLR 4404 (a) to set aside the verdict and for judgment as a matter of law. Separate judgments in favor of Realty and against Geiger Construction in each of the actions were entered, and Geiger Construction appeals from both judgments.

"A motion pursuant to CPLR 4401 or 4404 for judgment as a matter of law may be granted only 'where the trial court finds that, upon the evidence presented, there is no rational process by which the fact trier could base a finding in favor of the nonmoving party' " (*Caliendo v Ellington*, 104 AD3d 635, 636 [2013], quoting *Szczerbiak v Pilat*, 90 NY2d 553, 556 [1997]; *see Wong v Cruz*, 140 AD3d 860, 861 [2016]). "In considering the motion for judgment as a matter of law, the trial court must afford the party opposing the motion every inference which may properly be drawn from the facts presented, and the facts must be considered in a light most favorable to the nonmovant" (*Szczerbiak v Pilat*, 90 NY2d at 556; *see Wong v Cruz*, 140 AD3d at 861).

Here, viewing the evidence in the light most favorable to Realty, and affording it every inference which may properly be drawn from the facts presented, a rational jury could have found that a special employment relationship did not exist between Geiger Construction and the plaintiffs (*see Pena v Automatic Data Processing, Inc.*, 105 AD3d 924, 925 [2013]). However, there was no rational process by which the jury could find that Geiger Construction was negligent (*see Hartford Ins. Co. of Midwest v Orange & Rockland Utils., Inc.*, 103 AD3d 846, 847 [2013]). Realty failed to make out a prima facie case of negligence since it did not present any evidence that the use of ropes to lower the power washer was improper, or that the use of other equipment could have prevented the accident (*see Duffina v County of Essex*, 111 AD3d 1035, 1037 [2013]; *see also Carlino v Triboro Coach Corp.*, 22 AD3d 624, 625 [2005]). Additionally, there was no evidence that the plaintiffs were instructed by Geiger Construction to place the power washer on the parapet wall. Therefore, the jury necessarily engaged in impermissible speculation to find in Realty's favor and against Geiger Construction on the issue of liability on the third-party causes of action for contribution and common-law indemnification (*see Hartford Ins. Co. of Midwest v Orange & Rockland Utils., Inc.*, 103 AD3d at 847).

Accordingly, the Supreme Court should have granted Geiger Construction's motion pursuant to CPLR 4401 for judgment as a matter of law dismissing the third-party causes of action for contribution and common-law negligence insofar as asserted

against it. Balkin, J.P., Leventhal, Roman and LaSalle, JJ., concur.