| |
|:---:|
| **Rodriguez v City of New York** |
| 2024 NY Slip Op 30831(U) |
| March 14, 2024 |
| Supreme Court, New York County |
| Docket Number: Index No. 157468/2020 |
| Judge: Hasa A. Kingo |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

| | | | |
|---|---|---|---|
| **PRESENT:** | **HON. HASA A. KINGO** | **PART** | **05M** |
| | *Justice* | | |

-----------------------------------------------------------------------------X

NADEEN RODRIGUEZ

                                  Plaintiff,

                      - v -

THE CITY OF NEW YORK,

                                Defendant.

-----------------------------------------------------------------------------X

| | |
|---|---|
| **INDEX NO.** | 157468/2020 |
| **MOTION DATE** | 08/31/2023 |
| **MOTION SEQ. NO.** | 002 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 002) 23, 24, 25, 26, 27, 28, 29, 30, 31, 32, 33, 34, 35, 36, 37, 38, 39, 40, 41, 42, 43, 44, 45, 46, 47, 48, 49, 50

were read on this motion to/for                   SUMMARY JUDGMENT(AFTER JOINDER    .

       Defendant, THE CITY OF NEW YORK (hereinafter referred to as "the City"), moves, pursuant to CPLR §3211(a)(7), to dismiss the complaint of plaintiff, Nadeen Rodriguez (hereinafter referred to as "plaintiff"), for failure to meet a condition precedent. Specifically, the City asserts that plaintiff's notice of claim and complaint fail to allege or assert prior written notice as a basis for liability. Additionally, the City moves, pursuant to CPLR §3212, for summary judgment in its favor and the dismissal of the complaint. Plaintiff opposes the City's motion. For the reasons specified, the City's motion is denied.

## BACKGROUND AND ARGUMENTS

       This lawsuit is based on premises liability and stems from an incident that occurred on September 11, 2019, around 1:20 p.m., at the curb/ramp area located at the intersection of 10th Avenue and 205th Street in New York County, State of New York. The City was the owner, operator, manager, controller, and maintainer of the said curb/ramp area. While plaintiff was riding her bicycle onto the mentioned curb/ramp area, the front wheel of her bicycle collided with the uneven, raised, and deteriorated surface, causing her to lose balance. In attempting to regain balance, plaintiff's foot became trapped in another section of the curb/ramp area, which was cracked, uneven, loose, raised, depressed, missing portions, and deteriorated. This led to plaintiff violently falling to the ground, resulting in severe, permanent personal injuries. Consequently, plaintiff suffered a left ankle tri-malleolar fracture and fracture dislocation, requiring reduction on September 11, 2019, and open reduction internal fixation on September 26, 2019. Additionally, plaintiff sustained a nondisplaced fracture extending from the waist of the scaphoid to the proximal pole of the left wrist. Plaintiff's notice of claim was served on the City on October 22, 2019.

[* 1]

In support of the instant motion, the City argues that plaintiff's complaint should be dismissed on procedural grounds, pursuant to CPLR §3211(a)(7), for failure to satisfy a condition precedent to suit where both the notice of claim and complaint fail to assert and plead that the City had prior written notice of the alleged defect. Additionally, the City avers that it is entitled to summary judgment, pursuant to CPLR §3212, as a matter of law because the alleged defective condition in the curb/ramp area, located at the northeast corner of 10th Avenue and West 205th Street, in front of the property known as 3835 10th Avenue, is trivial, insignificant, and de minimis. Moreover, the City argues that there no evidence that the City had prior written notice of the alleged curb/ramp condition, nor that it caused or created an immediately apparent dangerous condition.

In opposition, plaintiff underscores that there is absolutely no requirement, by statute, that it be alleged in a notice of claim that the City had prior written notice of an alleged condition. Likewise, plaintiff submits that the City has has failed to meet its burden of proof on summary judgment to establish that it did not have prior written notice. Therefore, plaintiff contends that summary judgment must be denied.

## DISCUSSION

On a motion to dismiss for failure to state a cause of action under CPLR §3211 (a)(7), courts afford the pleadings a liberal construction, accept the facts as alleged in the complaint as true, and give the plaintiff the benefit of every possible favorable inference. (*Leon v Martinez*, 84 NY2d 83, 87 [1994]; *JF Capital Advisors, LLC v Lightstone Group*, LLC, 25 NY3d 759, 764 [2015].) Ordinarily, the court's inquiry is limited to assessing the legal sufficiency of the plaintiff's pleadings; accordingly, the court's only function is to determine whether the facts as alleged fit within a cognizable legal theory (*JF Capital Advisors*, 25 NY3d at 764, *supra*). However, where the complaint consists of bare legal conclusions with no factual specificity (*Godfrey v Spano*, 13 NY3d 358, 373 [2009]) or where the statements in a pleading are not sufficiently particular to give the court and parties notice of the transactions and/or occurrences intended to be proven (CPLR §3013; *Mid-Hudson Val. Fed. Credit Union v Quartararo & Lois, PLLC*, 31 NY3d 1090, 1091 [2018]), the motion to dismiss should be granted. Indeed, "allegations consisting of bare legal conclusions as well as factual claims flatly contradicted by documentary evidence are not entitled to any such consideration" (*Garber v Board of Trustees of State Univ. of NY*, 38 AD3d 833, 834 [2d Dept 2007], *quoting Maas v Cornell* Univ., 94 NY2d 87, 91 [1999]). CPLR §2013, states that "[s]tatements in a pleading shall be sufficiently particular to give the court and parties notice of the transactions, occurrences, or series of transactions or occurrences, intended to be proved and the material elements of each cause of action or defense."

The proponent of a motion for summary judgment carries the initial burden of tendering sufficient admissible evidence to demonstrate the absence of a material issue of fact as a matter of law (*Alvarez v Prospect Hospital*, 68 NY2d 320, 324 [1986]; *Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]). Thus, a defendant seeking summary judgment must establish prima facie entitlement to such relief as a matter of law by affirmatively demonstrating, with evidence, the merits of the claim or defense, and not merely by pointing to gaps in plaintiff's proof (*Mondello v DiStefano*, 16 AD3d 637, 638 [2d Dept 2005]; *Peskin v New York City Transit Authority*, 304 AD2d 634, 634 [2d Dept 2003]). Once movant meets the initial burden on summary judgment, the

157468/2020   RODRIGUEZ, NADEEN vs. CITY OF NEW YORK
Motion No.  002

Page 2 of 6

2 of 6

burden shifts to the opponent who must then produce sufficient evidence, also in admissible form, to establish the existence of a triable issue of fact (*Zuckerman*, 49 NY2d at 562, *supra*).

To maintain an action against the City for a defect on a roadway, pathway or sidewalk, a plaintiff must prove that the City had prior written notice of the defect (Administrative Code §7-201; *see Katz v. City of New York*, 87 NY2d 241, 243 [1995]). Administrative Code §7-201 (c)(2), more commonly known as the "Pothole Law," states that the City may not be held liable for any defect in, or obstruction to, a sidewalk or roadway unless it has received written notice of the condition at least 15 days prior to an occurrence and failed to remedy the defect (*see Lopez v. Gonzalez*, 44 AD3d 1012 [2d Dept 2007][summary judgment granted because neither citizen complaints nor prior written repair orders constitute written notice and once the repair work was complete, plaintiff failed to offer evidence that the City received further prior written notice following the repairs]; *compare with, Bruni v. City of New York*, 2 NY3d 319 [2004][summary judgment denied based on a written work ticket, coupled with the resulting inspection report, both of which were generated by a complaint received via telephone]; *see also Donnellan v. City of New York*, 112 AD3d 780 [2d Dept 2013][summary judgment denied as an inspection report recorded a specific defect, but a question of fact existed as to whether that was the location of plaintiff's accident]).

In the absence of prior written notice, a plaintiff must demonstrate that "the municipality affirmatively created the defect through an act of negligence or that a special use resulted in a special benefit to the locality" to avoid summary judgment (*Yarborough v. City of New York*, 10 NY3d 726, 728 [2008]). The affirmative negligence exception is defined as "work by the City that immediately results in the existence of a dangerous condition" (*id.*). While *Yarborough* does not define immediacy, subsequent case law provides guidance (*see San Marco v. Village/Town of Mount Kisco*, 16 NY3d 111 [2010][summary judgment denied based upon evidence that the morning prior to the accident, defendant performed snow removal efforts resulting in a freeze/refreeze condition]; *see also Guss v. City of New York*, 147 AD3d 731 [2d Dept 2017][ summary judgment denied based upon evidence of roadway patchwork performed within six weeks prior to the accident]).

Courts have strictly construed the theories of prior written notice and affirmative negligence to limit their applicability to the specific defect at issue rather than a general awareness of prior defects in the area (*Lopez v. Gonzalez*, 44 AD3d 1012, 1013 [2d Dept 2007]).

### *Dismissal Pursuant to CPLR §3211 (a)(7)*

Turning first to the City's argument that plaintiff's complaint must be dismissed for want of specificity in the notice of claim and/or complaint, the court finds the City's argument unavailing. To be sure, there is no requirement, by statute, that it be alleged in a notice of claim that the City had prior written notice of an alleged condition. The cases cited by the City for that assertion do not support the claim made by the City. Upon review of the case law referenced, it becomes evident that these cases are unrelated to the legal necessity of a notice of claim; instead, they concern the requirement of prior written notice itself.

157468/2020   RODRIGUEZ, NADEEN vs. CITY OF NEW YORK                                                     Page 3 of 6
Motion No.  002

3 of 6

The City references *Katz v. City of New York*, 87 NY2d 241 (1995), however, this case does not address the requirements of a notice of claim. In *Katz*, the Court of Appeals ruled that when utilizing a Big Apple Pothole Map to establish prior written notice, a subsequent map overrides an earlier one, and notice to the City must be based on the map closest in time to the accident date. Furthermore, the City also cites *Laing v. City of New York*, 71 NY2d 912, 914 (1988), but reference to that case is misplaced. In *Laing*, the Court of Appeals determined that a parks department tree inspection report indicating a cracked sidewalk did not serve as a written acknowledgment to fulfill the prior written notice requirement. *Laing* does not mention a notice of claim requirement, thus the City cannot rely on it to support its argument.

Finally, the last case cited in their erroneous attempt to argue that prior written notice must be pleaded in a notice of claim is *Kelly v. City of New York*, 172 AD2d 350 (1st Dept 1991). In *Kelly*, the Appellate Division, First Department, held that without prior written notice, the City cannot be held liable solely for failing to maintain or repair a sidewalk or roadway. Once again, there is no mention whatsoever of a requirement to plead prior written notice within a notice of claim. Contrary to the City's claims, the Appellate Division, First Department, has recently actually ruled against the City's challenge to the sufficiency of a notice of claim absent an allegation of prior written notice (*see Bchajhan v. City of New York*, 210 AD3d 519 [1st Dept 2022]). Therefore, affording plaintiff's pleadings a liberal construction, accepting the facts as alleged as true, and giving plaintiff the benefit of every possible favorable inference, the court finds that dismissal pursuant to CPLR §3211 (a)(7), is unwarranted. Accordingly, the City's motion is denied on those grounds.

### *Dismissal Pursuant to CPLR §3212*

Next, with respect to summary judgment, here the City has made a prima facie showing that the alleged defect appears to be not a defect, but the height differential of the curb itself. Moreover, the City has proffered testimony that the "crack" and the "piece of metal" that was allegedly sticking out were not seen by plaintiff until days after the accident when she returned with her counsel, and are not depicted in the marked portions, or anywhere else, in the photographs plaintiff provided. Likewise, the City has shown that as plaintiff's alleged injury occurred in daylight, while she was able to bike without obstruction, the curb/ramp was not hidden or covered so as to pose any kind of snare or trap. Taking both the alleged condition itself and the surrounding circumstances into account, the City has shown that the non-visible crack and "metal piece" are the very kind of "trivial defect on a walkway, not constituting a trap or nuisance, as a consequence of which a pedestrian might merely stumble, stub his toes, or trip over" (*Hutchinson v. Sheridan Hill House Corp.*, 26 NY3d 66, 77-78 [2015]). As such, the City has made a prima facie showing that the alleged condition on curb/pedestrian ramp was physically insignificant and that the characteristics of the purported defect and the surrounding circumstances did not increase the risks it poses.

Likewise, the City has established prima facie evidence through the results of its searches, submitted by way of affidavits, that the City did not receive prior written notice.

157468/2020   RODRIGUEZ, NADEEN vs. CITY OF NEW YORK                    Page 4 of 6
  Motion No.  002

[* 4]                                    4 of 6

Moving on to the matter of summary judgment, the City has presented initial evidence establishing, prima facie, that the supposed defect may not be a defect, but rather the natural height difference of the curb itself. Additionally, the City has provided testimony indicating that the "crack" and the "piece of metal" supposedly present were not observed by plaintiff until days following the accident, when she revisited the site with her legal counsel, and are not evident in the marked sections or elsewhere in the photographs provided by plaintiff. Similarly, the City has demonstrated that since plaintiff's alleged injury took place during daylight hours and she was able to cycle without obstruction, the curb/ramp was not obscured or covered in a manner that would create a hazard. Considering both the purported condition and the surrounding circumstances, the City has made a prima facie showring that the unseen crack and "metal piece" represent the type of "trivial defect on a walkway, not constituting a trap or nuisance, as a consequence of which a pedestrian might merely stumble, stub his toes, or trip over" (*Hutchinson v. Sheridan Hill House Corp.*, 26 NY3d 66, 77-78 [2015]). Consequently, the City has presented initial evidence that the alleged condition on the curb/pedestrian ramp was physically insignificant and that the characteristics of the supposed defect, along with the surrounding circumstances, did not heighten the risks it posed. Similarly, the City has put forth initial evidence, supported by affidavits containing the results of its investigations, to make a prima facie showing that it did not receive prior written notice.

Nonetheless, in opposition to the City's prima facie showings, plaintiff has raised triable issues of fact that preclude granting the City's instant motion for summary judgment. To be sure, while the City contends that plaintiff cannot prove prior written notice, as there is no notation on the Big Apple map and legend for a pedestrian ramp, plaintiff testified that the defect that caused her to fall was the curb. As the Big Apple map shows a defect at the subject location, on 205th Street at 10th Avenue specifically and an "extended section of broken, misaligned or uneven curb" a triable issue of fact has been raised as to whether the City had prior written notice. Indeed, plaintiff has raised an issue of fact as to whether proper prior written notice of the subject defect was given to the City by way of the New York City Department of Transportation. Notably, courts have found that usage of the Big Apple Map to establish prior written notice is appropriate to satisfy the requirements under the "Pothole Law" (*see Becker v. City of New York*, 131 AD2d 413 [2d Dept 1987]). Likewise, maps prepared by the Big Apple Pothole and Sidewalk Protection Committee, Inc. and filed with the Department of Transportation serve as prior written notice of defective conditions depicted thereon (*see Weinreb v. City of New York*, 193 AD2d 596, 598 [2d Dept 1993]). In this matter, plaintiff has raised a triable issue of fact as to whether the Big Apple Map sufficiently identifies the defect in question, namely a broken, misaligned or uneven curb, and therefore under the law serves as prior written notice to the City (*see D'Onofrio v. City of New York*, 11 NY3d 581, 586 [2008]).

As to the purported trivial nature of the defect, plaintiff correctly highlights that the City did not hire any expert witness, nor take any type of measurements or photographs, to set forth any type of evidence as to the exact nature of the defect so as to claim that it was trivial or de minimis. To be sure, it is well-settled law that there is no minimal dimension test or per se rule that a defect must be of a certain height or depth to be actionable (*Trincere v. County of Suffolk*, 90 NY2d 976 [1997]). Accordingly, plaintiff has raised a triable issue of fact as to whether the defect at issue can be classified as trivial. Indeed, the City has failed to establish that the tripping hazard was

157468/2020   RODRIGUEZ, NADEEN vs. CITY OF NEW YORK                                     Page 5 of 6
Motion No. 002

5 of 6

trivial as a matter of law. As such, the City cannot be awarded summary judgment under the trivial defect doctrine.

The court is obligated to consider all the facts and circumstances presented when deciding this motion. Viewing the evidence in the light most favorable to plaintiff, the non-moving party, this court cannot determine that the defect was trivial as a matter of law. An issue of fact exists as to whether the defect was so trivial and slight in nature that it could not reasonably have been foreseen that an accident would occur.

Based on the foregoing, it is hereby

ORDERED that defendant THE CITY OF NEW YORK's motion is denied in its entirety.

This constitutes the decision and order of the court.

20240314155625HKING02947AAC3876423DB72E9C9E6X49FFF5

**3/14/2024**
**DATE**

**HASA A. KINGO, J.S.C.**

| CHECK ONE: | ☐ CASE DISPOSED | ☒ NON-FINAL DISPOSITION |
| --- | --- | --- |
| | ☐ GRANTED  ☒ DENIED | ☐ GRANTED IN PART  ☐ OTHER |
| APPLICATION: | ☐ SETTLE ORDER | ☐ SUBMIT ORDER |
| CHECK IF APPROPRIATE: | ☐ INCLUDES TRANSFER/REASSIGN | ☐ FIDUCIARY APPOINTMENT  ☐ REFERENCE |

157468/2020   RODRIGUEZ, NADEEN vs. CITY OF NEW YORK
Motion No.  002

Page 6 of 6

[* 6]