| **Acevedo v City of New York** |
| 2024 NY Slip Op 31148(U) |
| April 4, 2024 |
| Supreme Court, New York County |
| Docket Number: Index No. 162230/2019 |
| Judge: Hasa A. Kingo |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

| | | |
|---|---|---|
| PRESENT: | HON. HASA A. KINGO | PART 05M |
| | *Justice* | |

---------------------------------------------------------------------------X

ISABEL ACEVEDO

                     Plaintiff,

          - v -

THE CITY OF NEW YORK,

                  Defendant.

---------------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 162230/2019 |
| MOTION DATE | 06/22/2023 |
| MOTION SEQ. NO. | 001 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 001) 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, 31, 32, 33, 34, 35, 36, 37, 38, 39, 40, 41

were read on this motion for                   SUMMARY JUDGMENT        .

      With the instant motion, the City of New York ("City") moves, pursuant to CPLR §3211(a)(7) and §3212, for summary judgment and dismissal of plaintiff Isabel Acevedo's ("plaintiff") complaint as against it on the grounds that, pursuant to §7-201 of the Administrative Code of the City of New York, the City did not receive prior written notice of the defect that allegedly caused plaintiff's accident. Plaintiff opposes the motion.

## BACKGROUND

      Plaintiff initiated this personal injury lawsuit on July 29, 2019, claiming that she stepped into a pothole, tripped, and fell. The pothole was situated in the crosswalk at the southern end of 1 Centre Street in Manhattan. Plaintiff alleges that the City was responsible for maintenance and repair of the pothole, and therefore is liable for plaintiff's injuries. In response, the City argues that it had no prior written notice of the defect, and neither caused nor created the defect. As such, the City submits that it is entitled to judgment in its favor, and dismissal of plaintiff's complaint in its entirety.

## DISCUSSION

      On a motion to dismiss for failure to state a cause of action under CPLR §3211 (a)(7), courts afford the pleadings a liberal construction, accept the facts as alleged in the complaint as true, and give the plaintiff the benefit of every possible favorable inference. (*Leon v Martinez*, 84 NY2d 83, 87 [1994]; *JF Capital Advisors, LLC v Lightstone Group*, LLC, 25 NY3d 759, 764 [2015].) Ordinarily, the court's inquiry is limited to assessing the legal sufficiency of the plaintiff's pleadings; accordingly, the court's only function is to determine whether the facts as alleged fit within a cognizable legal theory (*JF Capital Advisors*, 25 NY3d at 764, *supra*). However, where the complaint consists of bare legal conclusions with no factual specificity (*Godfrey v Spano*, 13 NY3d 358, 373 [2009]) or where the statements in a pleading are not sufficiently particular to give

**162230/2019 ACEVEDO, ISABEL vs. CITY OF NEW YORK**
**Motion No. 001**

**Page 1 of 6**

the court and parties notice of the transactions and/or occurrences intended to be proven (CPLR §3013; *Mid-Hudson Val. Fed. Credit Union v Quartararo & Lois, PLLC*, 31 NY3d 1090, 1091 [2018]), the motion to dismiss should be granted. Indeed, "allegations consisting of bare legal conclusions as well as factual claims flatly contradicted by documentary evidence are not entitled to any such consideration" (*Garber v Board of Trustees of State Univ. of NY*, 38 AD3d 833, 834 [2d Dept 2007], *quoting Maas v Cornell* Univ., 94 NY2d 87, 91 [1999]). CPLR §2013, states that "[s]tatements in a pleading shall be sufficiently particular to give the court and parties notice of the transactions, occurrences, or series of transactions or occurrences, intended to be proved and the material elements of each cause of action or defense." Thus, conclusory allegations will not suffice (*see DiMauro v Metropolitan Suburban Bus Auth.*, 105 AD2d 236, 239 [2d Dept 1984]; *Fowler v American Lawyer Media*, 306 AD2d 113, 113 [1st Dept 2003]; *Sheriff v Murray*, 33 AD3d 688 [2d Dept 2006]). When the allegations in a complaint are vague or conclusory, dismissal for failure to state a cause of action is warranted (*see Schuckman Realty v Marine Midland Bank, N.A.*, 244 AD2d 400, 401 [2d Dept 1997]; *O'Riordan v Suffolk Ch., Local No. 852, Civ. Serv. Empls. Assn.*, 95 AD2d 800, 800 [2d Dept 1983]).

In order to prevail on a motion for summary judgment pursuant to CPLR §3212, the proponent must make a prima facie showing of entitlement to judgment as a matter of law, through admissible evidence demonstrating the absence of any material issue of fact (*see Klein v. City of New York*, 89 NY2d 883 [1996]; *Ayotte v. Gervasio*, 81 NY2d 1062 [1993]). Once the moving party has satisfied these standards, the burden shifts to the opponent to rebut that prima facie showing, by producing contrary evidence in admissible form sufficient to require a trial of material factual issues (*Amatulli v. Delhi Constr. Corp.*, 77 NY2d 525 [1999]).

Under the Administrative Code of City of New York §7–201 (c)(2), no action may be maintained against the City for an allegedly defective condition on a roadway unless the City had prior written notice of said condition, and failed to correct it within fifteen (15) days of receiving the notice (*see Amabile v City of Buffalo*, 93 NY2d 471, 474 [1999]). The only recognized exceptions to the prior written notice requirement involve situations in which either the municipality caused or created the defect through an affirmative act of negligence, or a special use confers a special benefit upon the municipality (*see Yarborough v City of New York*, 10 NY3d 726, 728 [2008]).

Because prior written notice it is a condition precedent, courts have consistently dismissed cases where plaintiffs fail to prove that the municipality had notice of the defect that caused their injury (*see Katz v. City of New York*, 87 NY2d 241 [1995]; *see e.g. Gray v City of New York*, 195 AD3d 538, 538 [1st Dept 2021] ["the City established prima facie entitlement to judgment as a matter of law by demonstrating that it did not receive prior written notice of the alleged dangerous condition as required by (the Administrative Code)"]; *Correa v Mana Constr. Grp. Ltd.*, 192 AD3d 555, 555 [1st Dept 2021] ["The City established its prima facie entitlement to summary judgment by establishing that it lacked prior written notice of the alleged defective condition of the manhole cover, which is a condition precedent to liability for personal injuries sustained as a result of alleged roadway defects"]). Indeed, it is well-settled law that the City must receive prior written notice of the alleged defective condition for liability to attach. The lack of such written notice required dismissal of the complaint (*see Katz*, 87 NY2d 241, *supra*; *Laing v. City of New York*, 71 NY2d 912 [1988]; *Barry v Niagara Frontier Tr. Sys.*, 35 NY2d 629 [1974]). Compliance with

**162230/2019   ACEVEDO, ISABEL vs. CITY OF NEW YORK**                                      **Page 2 of 6**
**Motion No.  001**

2 of 6

Administrative Code §7-201 is a statutory prerequisite to suit against the City, and failure to comply with the law bars a claim against the City.

Here, the City argues that the complaint should be dismissed as against it pursuant to CPLR §3211 because it did not have prior written notice of the alleged defective condition, as required under Administrative Code §7-201. However, lack of prior written notice under Administrative Code §7-201 is not a valid ground for a motion to dismiss pursuant to CPLR §3211. Rather, a motion on that ground is in the nature of summary judgment, because the City must submit, as it has here, proof outside of the pleadings to establish that it did not receive any prior written notice of the allegedly defective condition (*see e.g. Brill v City of New York*, 2 NY3d 648 [2004]). Indeed, pursuant to CPLR §3212(b), a court shall grant summary judgment if "upon all *papers and proof submitted*, the cause of action or defense shall be established sufficiently to warrant the court as a matter of law in directing judgment in favor of any party"(emphasis added).

As such, the court assesses the instant motion in the same vein as a motion for summary judgment governed by the cited precedent on the issue of prior written notice. Adopting that standard, the City has demonstrated prima facie entitlement to summary judgment as a matter of law. To be sure, in the instant action there is no evidence demonstrating that the City had prior written notice of the subject condition in the southern crosswalk of Centre Street, fifteen (15) days prior to plaintiff's date of accident. The City's motion papers are replete with evidence that it lacked prior written notice of the defect that caused plaintiff to fall. As a result of plaintiff's allegations and testimony, the Department of Transportation ("DOT") conducted a search for records pertaining to the subject location. Sharabanti Aich, a DOT employee, performed a search for two years prior to and including July 29, 2019, the date of plaintiff's alleged incident, for the roadway segment of Centre Street between Park Row and Chambers Street (to include Brooklyn Bridge). That search revealed the following records: one hundred and twenty-four (124) permits, one hundred and twenty-four (124) hardcopy permits, one hundred and twenty-four (124) applications, one (1) OCMC file, one (1) notice of violation ("NOV"), six (6) inspections, one (1) contract and/or in-house resurfacing records, four (4) maintenance and repair orders/records, eight (8) complaints, three (3) gang sheets for roadway defects, three (3) handwritten gang sheets for roadway defects, one (1) gang sheet for milling and resurfacing records, one (1) handwritten gang sheet or milling and resurfacing records, and two (2) Big Apple Maps labelled as Volume 01S Pages 18 and 20.

The City's search yielded evidence to support its contention that it lacked prior written notice. Indeed, the City has presented reports and gang sheets indicating that it repaired the condition or a similar condition in the same area on several occasions, the last time being February 28, 2019. Notably, none of the corrective action requests ("CARs"), NOVs, or inspections revealed in the DOT searches provide prior written notice of the subject condition. A review of the six (6) inspections located in the segment search reveals that all the inspections were either for work performed at locations other than that of plaintiff's accident location, found resurfaced, work had not started, or resulted in a passing condition, and thus do not provide the City with prior written notice. Of the six (6) inspections, one (1) resulted in a "pass" and therefore did not provide the City with prior written notice. Three (3) of the inspections resulted in "work not done/permit expired" and therefore do not provide the City with prior written notice. One (1) of the inspections resulted in "found resurfaced" and therefore does not provide the City with prior written notice.

**162230/2019   ACEVEDO, ISABEL vs. CITY OF NEW YORK**                                               **Page 3 of 6**
**Motion No.  001**

The NOV likewise does not provide the City with prior written notice of the alleged defect—a depression in the crosswalk. Two inspections were conducted pursuant to permit number M012017218A00 issued to Consolidated Edison. The first inspection, dated August 6, 2017, resulted in a NOV being issued to Consolidated Edison for failing to comply with the terms and conditions of DOT permits. Specifically, Consolidated Edison failed to begin emergency work excavations within two hours after obtaining the permit. The second inspection, dated April 10, 2018, was a re-inspection of the NOV previously issued to Consolidated Edison on August 6, 2017. This inspection resulted in a "found resurfaced," indicating that Consolidated Edison followed the terms and conditions of DOT permits. Thus, as the condition inspected—excavations—relates to a different condition than that alleged by plaintiff and resulted in a final passing condition, it cannot provide the City with prior written notice of a hole in the roadway. Every inspection, and NOV was either issued for an entirely different location than plaintiff's accident, an entirely different defect than that alleged by plaintiff, or resulted in a passing condition prior to the date of accident. Thus, none of these documents provided the City with prior written notice of a hole in the roadway.

Likewise, none of the complaints provided the City with prior written notice of the alleged defect—a four (4) inch depression in the roadway. The Court of Appeals has made clear that 3-1-1 complaints alone do not satisfy the prior written notice requirement (*see Gorman v. Town of Huntington*, 12 NY3d 275, 280 [2009]["[n]or can a verbal or telephonic communication to a municipal body that is reduced to writing satisfy a prior written notice requirement"]). The Appellate Division, First Department, has specifically applied this principle and held that a 3-1-1 call report is insufficient to infer prior written notice upon the City for purposes of satisfying §7-201(c) (*see Batts v. City of New York*, 93 AD3d 425 [1st Dept 2012]; *Lopez v. Gonzalez*, 44 AD3d 1012 [2d Dept 2007]["[c]ontrary to the plaintiff's contention, neither the citizen complaints nor the prior written repair orders constitute written notice" of the defects]; *Akcelik v. Town of Islip*, 38 AD3d 483 [2d Dept 2007]["the verbal telephonic complaint which was reduced to a complaint ticket did not satisfy the prior written notice requirement"]; *Dalton v. City of Saratoga Springs*, 12 AD3d 899, 901 [3d Dept 2004]["[v]erbal complaints transcribed to a written telephone message or… a work order do not satisfy the statutory [prior written notice] requirement"]).

The four (4) 3-1-1 complaints in the segment search were for conditions at locations other than that of plaintiff's accident or for different conditions other than that which plaintiff alleged caused plaintiff's injuries, and thus do not provide the City with prior written notice. The complaint numbers SR#: 1-1-1462209801 and SR#: 1-1-1556494651, both relate to the curb which is not the condition that plaintiff alleged to have tripped over. As such, neither of these complaints can provide the City with prior written notice. Complaint number SR#: 1-1-1472560601 relates to the sidewalk and curb and thus is a completely different condition, and different location, than that alleged by plaintiff. Complaint number SR#: 1-1-1550257389 refers to a cave-in in the roadway. DOT inspected the condition and determined that the cave-in was the result of the roadway having been milled, and the condition met its standards and/or there was a valid permit to conduct work. As this complaint refers to a milled condition, it cannot provide prior written notice of a hole in a paved roadway. Therefore, none of the 3-1-1 complaints found in the DOT records provide the City with prior written notice.

**162230/2019   ACEVEDO, ISABEL vs. CITY OF NEW YORK**
**Motion No.  001**

**Page 4 of 6**

4 of 6

Complaint defect number DM2018080003, dated March 21, 2018, fails to provide the City with prior written notice, as this complaint was marked "closed," indicating that a DOT crew went to the location and filled the pothole on March 28, 2018.. As such, DM2018080003 cannot provide the City with prior written notice as the pothole was repaired over a year prior to plaintiff's alleged incident (*see Abott v. City of New York*, 114 AD3d 515 [1st Dept 2014]).

Complaint defect number DM2018080014 dated March 21, 2018, was a duplicate of defect number DM2018080003. As the original complaint defect number did not provide the City with prior written notice as the original pothole was found and restored on March 28, 2018, complaint defect number DM2018080014 does not provide prior written notice either (*see Abott*, 114 AD3d at 515, *supra*). The same reasoning applies to the additional defect numbers, DM2018106023, dated April 16, 2018, and DM2019056007, dated February 25, 2019, all of which mirror the complaint defects referenced above.

Likewise, the Big Apple Map does not demonstrate prior written notice because there are no relevant symbols representing a "pothole or other hazard" in the crosswalk near where plaintiff's accident occurred. Plaintiff cannot argue that marks elsewhere on the Big Apple Map are sufficient to constitute notice of the defect that allegedly caused plaintiff's fall. The Court of Appeals has held that precise notice on the map is required to satisfy the prior written notice requirement (*D'Onofrio v. City of New York*, 11 NY3d 581 [2008]). A nearby defect is insufficient to constitute prior written notice of another defect (*Leary v. City of Rochester*, 67 NY2d 866 [1986]). The notice must be for the specific defect involved, and not merely a similar condition.

Not only does the aforementioned evidence demonstrate the City did not receive written notice of the subject condition prior to the date of incident, but the evidence further demonstrates that the City did not cause or create the alleged condition. Based on the results of the DOT search, the evidence shows that the City did not cause or create the subject condition in the crosswalk on Centre Street.

As the City established the lack of prior written notice, plaintiff, to defeat summary judgment, must show the applicability of one of the exceptions to the notice rule (*see Brown v City of New York*, 150 AD3d 615, 616 [1st Dept 2017]). The City can be held liable for the defect even in the absence of prior written notice where it created the defect or hazard through an affirmative act of negligence or where the City made special use of the locality where the defect is found (*Yarborough*, 10 NY3d at 728, *supra*). Special use is not claimed here, and the affirmative negligence exception does not apply as there are no allegations here that work by the City immediately resulted in the existence of a dangerous condition.

In opposition, plaintiff's expert states that June 2019 photos of the pothole show that the repairs done in 2018 and in February 2019 either failed to sufficiently repair the defect or exacerbated it. According to the expert, the evidence supporting this statement is that the pothole which caused plaintiff to trip had been repaired multiple times, whereas other potholes in the vicinity required repair only once. However, even if true, this statement is not evidence that the City's work immediately resulted in the creation of a dangerous condition. The opinion of plaintiff's expert that the City negligently repaired the defect is speculative, not supported by the record, and hence insufficient to raise an issue of fact (*see Hyland v. City of New York*, 32 AD3d

**162230/2019   ACEVEDO, ISABEL vs. CITY OF NEW YORK**                          **Page 5 of 6**
**Motion No.  001**

5 of 6

822, 823 [2d Dept 2006]).  In addition, the failure to maintain or repair a pothole amounts to an omission rather than an affirmative act of negligence (*Rosenblum v City of New York*, 89 AD3d 439, 440 [1st Dept 2011]), and repairs do not obviate the necessity of prior written notice.  The City, to be liable, would have had to receive prior written notice of the subject defect *after* the repair in February 2019 (*see Lopez v Gonzalez*, 44 AD3d 1012, 1013 [2d Dept 2007]). As there is no evidence that it did, plaintiff has failed to rebut the City's prima facie showing Accordingly, as plaintiff has failed to raise a triable issue of fact in response to the City's prima facie showing, the City is entitled to judgment in its favor.

Plaintiff's request to amend the complaint to include the assertion that the City had prior written notice is denied as moot. This denial arises from the understanding that even if such a fact were added, it would not affect the court's determination. The unrebutted evidence clearly demonstrates that the City did not possess prior written notice, thereby absolving it from liability for the injuries sustained by plaintiff.

Accordingly, it is hereby

ORDERED that the City's motion is granted in its entirety, and the complaint is hereby dismissed; and it is further

ORDERED that the Clerk of the Court is directed to enter judgment in the City's favor and mark the complaint dismissed accordingly.

This constitutes the decision and order of the court.

_____
4/4/2024
DATE

20240404092629UKINGO5B4B7D260A874E3EA80AC8B4EFC4EBA7

HASA A. KINGO, J.S.C.

| CHECK ONE: | X | CASE DISPOSED | | NON-FINAL DISPOSITION | | |
|---|---|---|---|---|---|---|
| | X | GRANTED | | DENIED | | GRANTED IN PART | | OTHER |
| APPLICATION: | | SETTLE ORDER | | SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | FIDUCIARY APPOINTMENT | | REFERENCE |

**162230/2019   ACEVEDO, ISABEL vs. CITY OF NEW YORK**
**Motion No.  001**

Page 6 of 6

6 of 6

[* 6]